Schlink v. Maxton.

## Schlink v. Maxton.

1. *Power of the Court over its Judgments after Adjournment.*—The rule that a judgment can not be opened by the court rendering it, for any cause, after the close of the term at which it is rendered, does not apply to courts of equity, where the ground for opening such judgments is fraud or mistake.

2. *Equitable Jurisdiction of the County Court.*—The County Court has equitable jurisdiction in respect to all matters pertaining to the settlement of estates, and in a proper case it may set aside an allowance of a claim after the close of the term at which it was allowed, and requires the parties to proceed *de novo*, and such a case is presented when it appears that fraud or mistake has intervened so that a court of equity, if the facts were before it, in a bill to set aside a judgment, would entertain jurisdiction.

**Memorandum.**—Writ of error to reverse the judgment of the Circuit Court of McLean County in sustaining a demurrer to a petition for a writ of *certiorari;* the Hon. Thomas F. Tipton, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and the judgment affirmed. Opinion filed October 31, 1892.

### Statement of the Facts by the Court.

The plaintiff in error presented to the Circuit Court of McLean County a petition for a common law writ of *certiorari,* alleging that petitioner was the executor of the estate of Valentine Schlink, deceased, that he presented a claim against said estate in due form and properly verified by his affidavit on the 20th of July, 1891, during the July term of the County Court, and asked that court for an adjustment of his said claim, and the court then and there appointed John J. Pitts temporary administrator to appear for the estate, and thereupon the matter of said claim was submitted to the court and an allowance was made in favor of petitioner for $594.60, as of the seventh class, and that no motion for new trial or for appeal was made nor any further proceedings were had in the matter at said July term, but that afterward and during the following August term of said court, one of the heirs of said Valentine Schlink entered a

motion to set aside the claim so allowed, and the court made an order, as follows:

"And now the said Valentine Schlink (petitioner), being present by his attorney, and the court having considered said motion and the affidavits filed in support thereof, and having heard the arguments of counsel and being fully advised in the premises, doth sustain the motion. It is therefore ordered and adjudged by the court that the judgment heretofore entered in favor of said Valentine Schlink for the sum of five hundred ninety-four dollars and sixty cents against the estate of Valentine Schlink, deceased, be and is hereby set aside."

To which order petitioner then and there excepted, and being advised that said order was without jurisdiction in the County Court he prayed for said writ of *certiorari* to the end that said record having been inspected, etc., it might be set aside, etc., etc.

The Circuit Court sustained a demurrer to the petition and dismissed the same, to which action petitioner excepted and now brings the record to this court, and assigns error upon said ruling of the Circuit Court.

### Plaintiff's Brief.

When a court of general common law jurisdiction enters a judgment, having jurisdiction of the parties and subject-matter, and no exception is taken, no motion for a new trial entered, and no appeal prayed for or allowed, and the court adjourns for the term, that is the end of the matter, and the court entering the judgment, neither of its own motion nor on the motion of a party thereto, could set the same aside. Cook v. Wood, 24 Ill. 295; Windett v. Hamilton, 52 Ill. 180; Coursen v. Hixon, 78 Ill. 339; County of Cook v. Canal, etc., 131 Ill. 509.

All the reasons and analogies of the law, as they seem to us, indicate that the judgment of a County Court in such a case is, so far as this question is concerned, the same as a judgment of the Circuit Court. Propst v. Meadows, 13 Ill. 157; Mitchell v. Mayo, 16 Ill. 84; Gould v. Bailley, Penn.

Schlink v. Maxton.

(N. J. L.) 1; Housh v. People, 66 Ill. 181; Darling v. McDonald, 101 Ill. 377; Durham v. Field, 30 Ill. App. 121.

The rule is thus laid down by Woerner: the orders, decrees and judgments of Probate Courts, in so far as they are courts of record, can be known by their records alone, which necessarily import verity, and can neither be questioned nor falsified, from which it follows that the court is bound by its own record and can neither change nor disregard its orders, judgments, or decrees after the lapse of the term at which they are rendered. American Law of Administration (Woerner), Sec. 146; Johnson v. Johnson, 26 Ohio St. 357; Alexander v. Nelson, 42 Ala. 462; Bryant v. Horn, 42 Ala. 496; Wolf v. Banks, 41 Ark. 104; State v. Probate Court, 33 Minn. 94; Browder v. Faulkner, 82 Ala. 257.

KERRICK, LUCAS & SPENCER, attorneys for plaintiff in error.

## DEFENDANT'S BRIEF.

In the allowance of claims, a Probate Court is intrusted with large and comprehensive jurisdiction; it may exercise large equity powers in adjusting claims and settling estates. American Law of Administration (Woerner), Vol. I, page 340, and cases cited in note 3.

Our Supreme Court, in numerous cases, has upheld this doctrine. Hurd v. Slaten, 43 Ill. 350, and the cases there cited; Millard v. Harris, 119 Ill. 185; Hales v. Holland, 92 Ill. 494. Appeals are allowed from all final orders from the Probate Court to the Circuit Court, and a trial *de novo.* Rev. Stat., Chap. 37, page 240.

The matter of the allowance of this claim is now pending.

STEVENSON & EWING, and A. M. CAVAN, attorneys for defendant in error.

## OPINION BY THE COURT.

The question is, whether the petition shows such want of jurisdiction in the County Court, as to render the order

subject to be set aside upon a writ of *certiorari*. The argument is, that the allowance of the claim was a judgment, which could not be opened by the County Court for any cause after the close of the July term. It is not insisted that that judgment could not be opened by a court of equity for fraud or mistake, but that the County Court had no power to grant such relief.

We are of opinion that the County Court has such equitable jurisdiction, in respect to all matters pertaining to the settlement of estates, that it may in a proper case set aside an allowance, and require the parties to proceed *de novo*. Such a case would be presented when it appeared that fraud or mistake had intervened, so that a court of equity, if the facts were before it, in a bill to set aside the judgment, would entertain jurisdiction. This seems to follow from the doctrine repeatedly announced, that the County Court, in the settlement of estates, is vested with equitable, as well as legal powers. Millard v. Harris, 119 Ill. 198. We understand this power of the County Court relates not only to the consideration of equitable demands, but to the employment of such equitable methods as are consistent with its organization and modes of proceeding. For instance, it may correct mistakes in reports of executors, administrators and guardian, and make such final settlements in respect thereto as may be equitable.

So here, although the term of court at which an allowance was made, has passed, it may, for such cause as would move a court of equity, upon a bill filed, entertain a motion to set aside the allowance.

No inconvenience or hardship can follow from the due exercise of this equitable power.

If it has the power to do this in any case, then there is jurisdiction of the subject-matter, and the writ of *certiorari* will not lie for mere error in the exercise thereof.

It appears in the present case there was also jurisdiction of the person, and the only objection taken is, that the subject-matter was beyond the power of the County Court.

There seems to be great propriety, and even necessity, in

permitting that court to open an allowance whenever it finds that fraud or mistake has occurred.   There is nothing to prevent a proper exercise of equitable considerations upon a motion.   The court may hear evidence, and sift the matter with as much care and accuracy as though the proceedings were in chancery, and the rights of parties may be adjusted more speedily than would be possible if resort were had to that tribunal.

The judgment will be affirmed.