## Isidore and Benjamin Weil v. Charles Hart.

COUNTY COURTS—*Power to Modify Decrees After the Term.*—While proceedings in insolvency are pending, the County Court has such equity jurisdiction as to enable it to modify or vacate a final order, judgment or decree therein, after the term, on the ground of fraud or mistake, the same as a court of chancery, under its general powers, without any formal bill or petition, but it can not do so without some ground therefor.

**Insolvency Proceedings.** Error to the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed February 14, 1898.

MOSES, ROSENTHAL & KENNEDY, attorneys for plaintiffs in error.

Contended that when a claim is allowed or exceptions thereto prevail, the matter becomes a finality at the end of the term, and there is no decision which says to the contrary. It is true that in various cases, such as Shepard v. Speer, 41 Ill. App. 211; Templeton v. Bender, 59 Ill. App. 327; Mowatt v. Cole, 59 Ill. App. 345, the Appellate Court for the First District held certain orders to be administrative, but in Stettauer v. Chicago Title & Trust Company, 62 Ill. App. 31, the court properly distinguishes the cases.

In Mowatt v. Cole, 59 Ill. App. 345, the question involved an order to pay rent, made in November. Another order was entered in December, without any consideration of the merits, under the belief that such an order was binding upon the court. This was purely an administrative matter.

In Templeton v. Bender, 59 Ill. App. 327, the parties had agreed to turn over certain property to the assignee, and under the case of Hanford Oil Co. v. First Nat.

Bank, 126 Ill. 584, the order was not binding upon creditors, and could be opened; but, in Schlink v. Maxton, 153 Ill. 447, it was held that the county court, in the matter of estates, has jurisdiction at a subsequent term to vacate an order allowing a claim, if mistake or fraud has intervened, but not otherwise. The court can not open a claim because it has made a judicial mistake. What is meant by "mistake" is mistake in the facts, not mistake of law. A mistake of law can only be corrected by an appeal or writ of error. Shepard v. Speer, 41 Ill. App. 211; 140 Ill. 238.

COLLINS & FLETCHER, attorneys for defendant in error.

Until the final order of distribution is entered in an insolvency proceeding in the county court any former order or action of the court may be repented. The rule that orders of a court of record can not be vacated after the term is passed does not apply to orders made by the county court in the administration of the estate of an insolvent. Mowatt v. Cole, 59 Ill. App. 345; Shepard v. Speer, 41 Ill. App. 212; Templeton v. Bender, 59 Ill. App. 327; Candlish, Voluntary Assignments, Sec. 256; Stettauer v. C. T. & T. Co., 62 Ill. App. 31; Schlink v. Maxton, 48 Ill. App. 471; 15 Am. and Eng. Ency. of Law, 628; Webster v. Judah, 27 Ill. App. 294; Atlas Nat. Bank v. More, 152 Ill. 528; Union Trust v. Trumbull, 137 Ill. 158.

The separate docketing, numbering and entitling of an exception to a claim filed in an insolvency proceeding in the county court does not take such claim out of that equitable proceeding and make it an independent action at law, in which orders after term time can not be vacated. Shepard v. Speer, 41 Ill. App. 211; Crandall v. Carey-Lombard Lumber Co., 164 Ill. 474; 2 Starr & Curtis, p. 1921.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

On February 23, 1897, the county court entered an order *in re* Howe and Bodenschatz, insolvents, disallowing the claim of Charles Hart. · Afterward, and at a subsequent term of said court, on September 15, 1897, an order was entered vacating and setting aside the former order, and allowing the said claim.

The only question presented upon this writ of error is as to the power of the county court, after the term had passed, at which the first order disallowing the claim was entered, to then, at a subsequent term, set such order aside and enter an order allowing the claim.

It can not be doubted that a county court, while an insolvency proceeding is still pending, has such equitable jurisdiction as to enable it to modify or vacate its own order, judgment or decree therein, after the term, on the ground of fraud or mistake,—just as a court of chancery, under its general powers, might correct or vacate a judgment or decree of a past term on such grounds. Schlink v. Maxton, 48 Ill. App. 471.

And the county court in such case may enter an order to such effect and for such purpose, upon such grounds shown, without any formal bill or petition. Schlink v. Maxton, 153 Ill. 447.

But it could hardly be contended that a county court, because it may exercise such limited equitable jurisdiction, is therefore vested with any greater powers in this behalf than a court of general equity jurisdiction. A court of chancery could not make such correcting or vacating decree, to modify or set aside a final order, after the term, without some ground therefor. Neither can the county court.

There is no showing here of any fraud or mistake in

the entering of the original judgment, which would warrant either a court of chancery or the county court, exercising its limited equitable powers, in disturbing the same. On the contrary, it is certified by the bill of exceptions that "no evidence was heard upon the hearing of said motion; that the court treated the order of February 23, 1897, as one incident to the insolvency proceeding, No. 15206, and made in the due course of administration of said estate, and not as a final order in the above entitled proceeding, and therefore sustained said motion to vacate said order of February 23, 1897, and now allows said claim to be paid in due course of administration."

The decisions relied upon by defendant in error go to the effect that for the proper distribution of the funds of the insolvent, the court may make such orders of distribution from time to time, and from term to term, as may be necessary thereto, even though the order of a subsequent term shall operate to divert the assets from a payment ordered at a prior term. This proposition, however, applies to the distribution of the assets, and in no way governs here.

Without reference to the final distribution of the insolvents' assets in payment of the various claims allowed, the adjudication upon a claim as to its validity allowing or disallowing it, is something other than a matter of distribution of the funds, and such adjudication as a final order, after the term is passed, can not be vacated by the court without such showing of grounds therefor as would warrant a court of equity in thus reviewing and revising.

The judgment of the county court is reversed and the cause remanded.