## McGeath v. Starr.

[No. 19,631.   Filed October 25, 1901.]

Wills.—*Probate.—Contest.—Process.*—The general rule that an action is commenced only when the complaint is filed and process issued thereon, applies to a proceeding to contest the probate of a will, and where, in such proceeding, the persons beneficially interested under the will were not served with notice of such contest, they were entitled to have the will admitted to probate upon proof of the due execution thereof, and the contestant had no right to object. *pp. 320-324.*

Same.—*Probate.—Separate Contests.—Dismissal.*—A contestant may file objections to the probate of a will during the pendency of objections filed by another party, and the dismissal by the former will not affect the proceedings of the latter. *p. 323.*

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Proceeding by Manford McGeath to contest the probate of the will of Benjamin F. Starr. From a judgment admitting the will to probate, contestant appeals. *Affirmed.*

*G. Mock, J. Mock* and *L. Mock,* for appellant.

*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellees.

Dowling, J.—On January 25, 1899, and prior to the admission of the supposed will of one Benjamin F. Starr to probate before the clerk of the Wells Circuit Court, in this State, Christopher C. Starr, a son of the decedent, filed his objection thereto in writing, duly verified, and alleging that such objection was not made for vexation or delay. At the succeeding term of the court, which was the February term,

no further steps were taken, and the matter was continued to the April term, when two of the beneficiaries under the will filed an answer in denial.

On April 26, 1899, being the 9th day of the April term of the said court, the appellant, Manford McGeath, filed in court his objection to the probate of the said will, which was in due form, setting forth the unsoundness of the mind of the testator, and charging that said will was unduly executed. The complaint further alleged that the decedent left surviving him his children, Mary Lancaster, Benjamin F. Starr, Christopher C. Starr, Matilda J. McGeath, and his grandchildren, Mary J. McGeath, Benjamin Foreman, and the appellant, Manford McGeath, as his only heirs at law. The complaint also alleged that the decedent, by the supposed will, assumed to dispose of his estate by devising to Mary Lancaster, Benjamin F. Starr, Matilda J. McGeath, each one-fifth part thereof, and that these persons were the only beneficiaries named in the will. No executor was mentioned in the complaint.

On May 20, 1899, being the thirtieth day of the April term, the objections to the probate of the will filed by Christopher C. Starr, in vacation, were dismissed by him.

Nothing further seems to have been done in the matter of the complaint of the appellant, Manford McGeath, until November 21, 1899, being the 2nd day of the November term, when Matilda J. McGeath entered her special appearance, and moved to dismiss the proceeding of the appellant, but no action was taken upon this motion. No citation was issued for the beneficiaries and defendants named in the will and complaint, nor were any other steps taken to bring any of the defendants into court.

On November 22, 1899, being the third day of the November term, Matilda J. McGeath, one of the devisees named in the will, moved the court to admit the will of the said Benjamin F. Starr to probate, and, thereupon, the court heard the evidence as to the execution of the said will.

December 4, 1899, being the thirteenth day of the said November term, the appellant filed his motion to withdraw the submission of the cause for trial, and to reject the evidence of the execution of the will, for the reasons that no day had been fixed for the trial of said cause, and that the evidence was heard in the absence and without the knowledge of the appellant or his attorneys. The motion was overruled, and the appellant then moved, in writing, that a day be fixed by the court for the trial of the cause to enable him to produce his evidence. His request was denied. Exceptions were taken by the appellant, and were properly reserved by bill. The court then made an order that the will of the said Benjamin F. Starr be, and that the same was, admitted to probate.

The errors assigned are (1) and (2) that the court heard the evidence relative to the execution of the will, and admitted the will to probate, in the absence of the appellant and his attorneys, and without their knowledge or consent, and without having fixed a day for the trial of the cause; (3) that the court overruled the appellant's motion to set aside the submission of said cause for trial, and to strike out the evidence; and (4) that the court overruled appellant's motion to fix a time for the trial of said cause to enable appellant to produce his witnesses.

Under these several assignments, the counsel for appellant contend that he was not allowed his day in court, and that he was deprived of his property in said estate without due process of law, in violation of the provisions of the fourteenth amendment of the Constitution of the United States.

Proceedings under §2766 Burns 1901 differ in several particulars from those authorized by §2765 Burns 1901. Under the former section, any person interested in the estate of a decedent may resist the probate of his will any time within three years after the same has been offered for

probate, by filing in the proper county his allegation or complaint in writing, verified by his affidavit, setting forth some statutory ground of objection to the probate.   All persons beneficially interested under the will must be made defendants in such proceeding.   When the complaint is filed in the circuit court before the probate of the will, no bond is required from the persons resisting the probate.   A citation must be served upon the defendants fourteen days before the hearing of the cause, or if they or any of them are non-residents, notice must be given to such non-residents by publication.   The circumstance that one person has filed objections to the probate with the clerk in vacation does not prevent another from resisting the probate of the same will by filing his complaint in the circuit court at any time before the will is established.   The procedure as to notice to the parties when the probate is resisted by complaint filed in the circuit court is the same in all respects as upon the contest of a will after probate.

The appellant had the right to file his complaint at the time and in the manner shown by the record, and the pendency of the objections lodged with the clerk in vacation by Christopher C. Starr did not affect such right of action. Neither did the dismissal of Christopher C. Starr's objections interrupt the proceedings of the appellant.

But the appellant made one fatal omission.   He failed to take any steps to bring the defendants, who were the beneficiaries under the will, and its executor, into court.   The mere filing of his complaint was not notice to them.   The general rule that an action is commenced only when the complaint is filed, and process is issued thereon, applies to proceedings of this kind as well as to ordinary civil actions. §316 Burns 1901; *Temple* v. *Irvin,* 34 Ind. 412; *Alexandria, etc., Co.* v. *Irish,* 152 Ind. 535.

As no process was issued, and none of the defendants named in the complaint was brought before the court, the persons beneficially interested under the will, and the execu-

tor, were entitled to have the proof of the due execution of the will heard at any time while the court was in session. By simply filing his complaint, the appellant could not arrest the proving of the will, and such filing, without the issuing of a citation, or the publication of notice to the beneficiaries under the will, gave him no standing in court. When the will was presented for probate, and a party interested offered evidence of its due execution, the court could not refuse to hear the proof, but its duty was to proceed with the hearing, and to determine such cause. §2768 Burns 1901.

If the appellant had been present in court, he would have had no right to object to the hearing for the reason that his failure to bring the defendants named in his complaint before the court left him without standing there. For the same reason, the appellant had no right after the hearing to demand that the submission of the cause be set aside, and that a day be fixed by the court for another hearing.

The appellant has in no sense been deprived of his day in court, nor has there been here any taking of property without due process of law. Besides, the order establishing the will is not conclusive as yet, but may be vacated in a proceeding to contest the will, and the appellant may, if he chooses to do so, avail himself of that privilege.

There is no error. Judgment affirmed.