HAMILTON, EXECUTOR *v.* HUNTINGTON ET AL.

[No. 28,032.   Filed December 28, 1944.   Rehearing denied February 14, 1945.]

144

*Rocap & Rocap,* and *Kivett, Chambers & Kivett,* all of Indianapolis, and *Vernon & Vernon,* of Martinsville, for appellant.

*Paul G. Davis* and *Grabill & Baker,* all of Indianapolis, and *Homer Elliott,* of Martinsville, for appellees.

SHAKE, J.—Maude H. Darrach died March 6, 1941, and on March 11 her alleged last will was admitted to probate in Marion County. On the same day the appellant, named as executor in said will, qualified as such and letters testamentary were issued to him by the Probate Court of Marion County. An action to contest the will was commenced by the appellee on October 7, 1941, and on November 24, 1943, while that suit was pending, they filed a petition for the appointment of a special administrator of the personal estate of said decedent, based upon the sole ground that this was necessary "to fully protect the interests of all concerned," under § 6-308, Burns' 1933. There was a change of venue as to the issue thus tendered to the Morgan Circuit Court where a demurrer to the petition was overruled and an answer was filed. A trial resulted in a judgment appointing the appellee The Union

Trust Company as special administrator and ordering the executor to turn over to it the personal assets of the estate of the decedent. From this judgment and order the executor has prosecuted this appeal.

The appellees' petition was predicated upon § 1, ch. 2, Acts 1857, the same being § 6-308. Burns' 1933, and § 3044, Baldwin's 1934, which reads:

"That when any person shall have died testate, *and notice of contest of the will of said testator shall have been given, as required by law, it shall be lawful* for the proper court to appoint a special administrator, who shall proceed to collect the debts due said testator, by suit or otherwise, and to sell the personal property of said testator, and also to pay the claims against his estate, in the same manner and under the same regulations as are now required of administrators of intestates, so far as the same may be done consistent with the terms of such will." (Our italics.)

It is the contention of the appellees that the jurisdiction of the trial court to appoint a special administrator is to be found in the words "and notice of contest of the will shall have been given, as required by law," which, they say, have reference to the "citation" in an action to contest a will after probate, provided for in § 7-505, Burns' 1933, § 3397, Baldwin's 1934; and that the words "it shall be lawful," etc., vested in the trial court a broad discretion to appoint a special administrator under the circumstances of this case. The appellant contends, on the other hand, that the clause first quoted refers to the "objection" which an interested party is authorized, by § 7-503, Burns' 1933, § 3393, Baldwin's 1934, to file before a will is admitted to probate, and that the only discretion that is lodged in the trial court in such an instance is that of determining whether there is any necessity for a personal representative before the validity of the pur-

ported will is determined. The controversy revolves around the meaning of the words, "notice," "citation," and "objection," as used in the statutes referred to above.

Counsel for the parties and *amicus curiae* have made an exhaustive study of the legislative history of said statutes, but the sum total of this inquiry does not throw much light on the problem before us.

This, therefore, appears to be a case for the application of the rule that in ascertaining the legislative intent in the enactment of an ambiguous statute the courts will look to its general purpose and the effect and consequences of the various meanings that might be ascribed to it. *State, ex rel.* v. *Board, etc.* (1931), 203 Ind. 23, 178 N. E. 563. Chancellor Kent amplified this rule in the following appropriate language:

> "In the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter. When words are not explicit, the intention is to be collected from the context; from the occasion and necessity of the law; from the mischief felt and the remedy in view; and the intention should be taken or presumed according to what is consistent with reason and good discretion." Quoted from 2 Horack's Sutherland Statutory Construction (3rd Ed.), § 4704.

By way of approach to the subject before us, it will be helpful to keep in mind certain fundamental concepts pertaining to wills and the settlement of decedents' estates. The first is that a testator has the right to select the executor of his will and that it is the mandatory duty of the court to appoint the person so named, if he is qualified. Section 6-201, Burns' 1933, § 3025, Baldwin's 1934; *In re Stahl's Estate* (1943), 113 Ind. App. 29, 44 N. E. (2d) 529;

*Farmers', etc., Trust Co.* v. *Security Trust Co.* (1923), 79 Ind. App. 537, 138 N. E. 97. It is likewise true that, all other things being equal, a sole administration of a decedent's estate is to be preferred to a joint one, and that when corepresentatives of a decedent's estate are appointed, they are regarded in law as one person. 34 C. J. S., Executors and Administrators, §§ 1041 and 1042. The sound reason that condemns divided responsibility in the administration of a decedent's estate was noted in *Landers, Ex'r.* v. *Stone, Admrs.* (1873), 45 Ind. 404, where it was said:

> "If there was an executor, or an administrator with the will annexed, and an administrator, in the same estate, the utmost confusion would result. Against whom, in such a case, would a creditor file his claim? In what manner would distribution be made, and how could advancements be adjusted? Aside from the inconvenience, confusion, and embarrassment resulting from two persons acting in antagonism, the expenses would be so enormous as to consume an ordinary estate."

We are impressed with the thought that much of what was observed by Judge Buskirk in the above case would be equally pertinent if there should be an executor and a special administrator acting at the same time in the same estate.

The only public policy suggested by the appellees as supporting their construction of the statute is their assertion that the law contemplates that the executor shall play an impartial role in a will contest. They say that this executor is a beneficiary under the will he is defending; that, if permitted to do so, he will administer the personal property of said estate, and will have charge of books, records, papers, and documents which might be helpful to the appellees in the prosecution of their contest, and which

might be made available to them if a fair, just and equitable special administrator should be appointed. We find no such public policy as that asserted by the appellees. It is the duty of the executor to defend the will. In the discharge of that obligation he is a partisan and the interests he represents are adverse and hostile to those of the contestors. The fact that he is a beneficiary does not disqualify him. When it comes to appointing a personal representative for the estate of a decedent the law favors those who have an interest therein. See § 6-301, Burns' 1933, § 3030, Baldwin's 1934.

The construction of the statute suggested by the appellant and *amicus curiae* avoids the confusion and conflicts of authority noted above. So construed, § 1, ch. 2, Acts of 1857 (§ 6-308, Burns' 1933, § 3044, Baldwin's 1934) means that the probate court is authorized, in its discretion, to appoint a special administrator when the steps contemplated by § 7-503, Burns' 1933, § 3393, Baldwin's 1934, have been taken to delay the probate of an alleged will, in anticipation of the filing of an action to contest under § 7-505, Burns' 1933, § 3397, Baldwin's 1934. The discretion which the court may exercise under such circumstances will ordinarily be that of determining whether any *ad interim* special administration is necessary for the protection of the estate. If, perchance, there are no personal assets to be preserved and no debts to be paid, there would not appear to be any reason why a special administrator should be appointed, and the naming of a personal representative may await the determination of the validity of the will. And if the executor or an administrator with the will annexed has qualified and there is a subsequent will contest, the court of probate has ample authority to limit and circumscribe the action

of the executor or administrator with the will annexed, to the end that the rights of interested parties may not be prejudiced, in the event the will is ultimately set aside. In other words, the supervising court may limit the functions of the personal representatives to defending the will and to performing such duties with respect to the personal property and debts as would have come within the statutory authority of a special administrator, had one been appointed. This, as we understand it, has long been the accepted practice in the courts of this State.

We cannot refrain from venturing the observation that if it should be held that special administrators may be appointed after wills have been admitted to probate and the executors thereof have qualified, this would constitute an invitation to intermeddlers to promote the filing of actions to contest wholly without merit for the practical purpose of obtaining the emoluments incident to such special administrations. This would lead to the abuses noticed and condemned in *Landers, Ex'r.* v. *Stone, Adm'rs., supra.* In the absence of clear and unambiguous expressions forcing the conclusion that such was its deliberate purpose, we will not ascribe to the legislative branch of the government any such unsound and short-sighted policy.

In further defense of the judgment and order of the Morgan Circuit Court, the appellees have directed our attention to the fact that the trial court specially found that the executor had been unfaithful to his trust. The specific findings relied upon in this connection were that without any authority for so doing the executor had used the funds of the estate to pay his personal obligations and had made a loan of a large sum of money belonging to the estate to one of the residuary legatees and had taken a promis-

sory note secured by an assignment of said legatee's interest as security therefor. While we would not be understood as condoning any such practices, there are a number of reasons why said findings are not of controlling importance in the determination of this case. In the first place, these findings were clearly without the issues and may be treated as surplusage. If, on the other hand, said findings had been proper they might have constituted grounds for concluding that the executor should be removed, but they would hardly have justified taking away only a part of his functions and leaving him free to act with respect to others. It may also be seriously doubted whether the Morgan Circuit Court possessed any power to remove the executor for unfaithfulness to his trust or to appoint a special administrator, in view of the fact that the Probate Court of Marion County retained general jurisdiction over the estate. The issue venued to Morgan County was clearly one of law, namely whether the appellees were entitled to have a special administrator appointed, as of right, under the proper construction of the statute. We are inclined to the view that had it been possible for the trial court to have correctly resolved the issue before it in favor of the appellees, it would, nevertheless, have been the function of the Probate Court of Marion County to make the appointment. Surely, the administration of personal property of an estate may not be lodged in one county and that of the real estate thereof in another, and it would seem to follow that when a special administrator may be appointed he should be named by the court to which he is to be held responsible. See § 2-1403, Burns' 1933, § 3024, Baldwin's 1934; also, *Zaring* v. *Zaring* (1942), 219 Ind. 514, 39 N. E. (2d) 734. What has been said requires disapproval of so

much of, *In re Barger's Estate* (1943), 114 Ind. App. 129, 51 N. E. (2d) 104, as is in conflict herewith.

The judgment is reversed with directions to the Morgan Circuit Court to set the same aside and to sustain the appellant's demurrer to the appellees' verified petition for the appointment of a special administrator.

Corrected by court.

Note.—Reported in 58 N. E. (2d) 349.

### ON PETITION FOR REHEARING.

PER CURIAM.—In a petition for rehearing appellees say that our original opinion has the effect of overruling a long line of cases, none of which was mentioned in the opinion, namely, *McGeath* v. *Starr* (1901), 157 Ind. 320, 61 N. E. 664; *Faylor* v. *Fehler* (1914), 181 Ind. 441, 104 N. E. 22; *Voyles* v. *Hinds* (1917), 186 Ind. 38, 114 N. E. 865, and other cases. They rely upon the fact that in the original opinion it was stated that:

> "So construed, § 1, ch. 2, Acts of 1857 (§ 6-308, Burns' 1933, § 3044, Baldwin's 1934) means that the probate court is authorized, in its discretion, to appoint a special administrator when the steps contemplated by § 7-503, Burns' 1933, § 3393, Baldwin's 1934, have been taken to delay the probate of an alleged will, in anticipation of the filing of an action to contest under § 7-505, Burns' 1933, § 3397, Baldwin's 1934."

And they say that the omission of § 7-504, Burns' 1933 (Supp.) in the last line of the above quotation indicates that the court now thinks that an action to contest is begun exclusively under § 7-505. We have no such conception. Both §§ 7-504 and 7-505 have provisions which must be complied with whether the action to contest is brought before or after probate as was properly held

in *McGeath* v. *Starr, supra,* and the other cases cited.

Appellees further contend in their petition for rehearing that § 1 of the Act of 1857, § 6-308, Burns' 1933, is not ambiguous. If this were true we would have no right to construe the act. The conflicting contentions of the parties are correctly stated in the original opinion. Appellants took the position that the words "notice of contest" in § 6-308 referred to the clause "objection thereto, in writing" in § 7-503 and we accept this construction. Upon the filing of the "objection" the clerk is thereby notified not to permit the will to be probated until the "person contesting," which necessarily must refer to the person who has filed the objection, has failed to pursue the subsequent steps under §§ 7-504 and 7-505 that would make his objection effective. Where as provided in the latter part of § 7-503 the objection is made (which perhaps means renewed) before such court, it is notice to the judge who is required to allow a reasonable time in which to take the additional subsequent steps. The case of *McGeath* v. *Starr, supra,* correctly states that:

> "The procedure as to notice to the parties when the probate is resisted by complaint filed in the circuit court is the same in all respects as upon the contest of a will after probate."

The notice to the parties referred to in this quotation is entirely different from the notice to the clerk or judge given by the objection. If a verified complaint resisting probate is filed before the will is offered, such complaint serves the purpose of the "objection thereto, in writing." *Brown* v. *Brown* (1935), 100 Ind. App. 427, 194 N. E. 485. In such case a written objection need not be separately filed. But where the person proposing to contest does not have all necessary information, or the available time within which, to prepare a formal

complaint to contest he may, by filing the objection in writing, gain additional time, the objection serving as notice to the clerk or the judge that a contest is contemplated. The construction we have adopted is consistent with the legislative history which in the original opinion we did not and now do not find it necessary to review. We adhere to the opinion that the Act of 1857 is ambiguous and therefore justifies the application of rules of construction.

We have examined all of the other contentions made in appellees' petition for rehearing and find in them nothing persuading us to a different conclusion or requiring comment in this opinion.

The petition for rehearing is denied.

Young, J., not participating.

Note.—Reported in 59 N. E. (2d) 122.