Jessie Sue Green MILLIGAN and Mary Ann Green Stone, Appellants (Plaintiffs Below),

v.

Janice Green DENHAM, Mary Meredith, and Janice Green Denham and James W. Funk, in their respective capacities as the named Co–Personal Representatives under the purported Last Will and Testament of Ralph D. Green, deceased, dated March 20, 1986, Appellees (Defendants Below).

No. 63A01–8909–CV–374.

Court of Appeals of Indiana, Fourth District.

May 21, 1990.

Jeffrey R. Kinney, Kevin J. Messmer, Bamberger, Foreman, Oswald and Hahn, Evansville, for appellants.

David V. Miller, David E. Gray, Greg A. Granger, Bowers, Harrison, Kent & Miller, Evansville, for appellees.

CHEZEM, Presiding Judge.

### Case Summary

Jessie Sue Green Milligan and Mary Ann Green Stone (Contestors) appeal the trial court's dismissal of their action contesting the validity of the will of Ralph Green, deceased. We reverse.

### Issue

Whether summons by sheriff pursuant to Ind.Code 29–1–7–18 must be issued within the five (5) month time period set forth in I.C. 29–1–7–17 for the will contest to have been timely initiated.

### Facts

Ralph Green died on June 18, 1988. Three days later, June 21, Contestors filed objections to the probate of Ralph Green's will pursuant to I.C. 29–1–7–16. A petition to probate Ralph's will was filed on June 23. On August 26, Contestors filed a complaint to resist the probate of Ralph Green's will pursuant to I.C. 29–1–7–17, and copies of the complaint and summons were sent by certified mail to Janice Denham, Mary Meredith, and James Funk, Defendants to the action.

On September 1, 1988, Special Judge David K. Johnson ordered Ralph Green's will to be admitted to probate. On September 21, Contestors filed an amended complaint. On November 18, Defendants filed a consolidated answer and a motion to dismiss the amended complaint. On December 20 and 22, a summons and copy of Contestors' amended complaint were served by sheriff on Defendants. The cause was venued from Knox County to Pike County on December 18, 1988. On May 30, 1989, Judge Marvin Stratton of the Pike Circuit Court issued an amended order dismissing Contestors' amended complaint, holding that because Defendants were not served with summonses by sheriff within five (5) months of Ralph Green's death, as the trial judge interpreted I.C. 29–1–7–18 to require, the trial court did not obtain jurisdiction over the will contest action in a timely manner. From this determination, Contestors appeal.

### Discussion and Decision

Contestors contend that the trial court erred in holding that the issuance of summons, as required under I.C. 29–1–7–18, had to be completed within the five (5) month period set out in I.C. 29–1–7–17. We agree.

Contestors filed the appropriate complaint within the five month period as required by statute, I.C. 29–1–7–17; thus the trial court possessed subject matter jurisdiction. I.C. 29–1–7–18 prescribes the procedure required to provide notice and summons in a will contest. Here, since Defendants were residents of Indiana, the statute required the summonses to be served by the sheriff to acquire personal jurisdiction. However, the statute does not require the clerk to request the sheriff to serve the summonses within five (5) months. Service by sheriff must be accomplished at least ten (10) days before a hearing. *See* I.C. 29–1–7–18 and I.C. 29–1–1–12(a). There is no other statutory time restraint attached to service or issuance of summons. Therefore, if issuance and service by sheriff occur prior to judgment or dismissal, or ten (10) days prior to a hearing, the cause of action will not fail for lack of jurisdiction.

Defendants contend that Ind. Trial Rule 3 does not apply to will contests. Although T.R. 3 does not refer to the necessity of service of process to commence an action, the definition of the commencement of an action set out in T.R. 3 is applicable to will contests:

> COMMENCEMENT OF AN ACTION
>
> A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute.

T.R. 4.17 neither exempts probate proceedings from T.R. 3 nor replaces the manner of "filing" in probate proceedings. However, T.R. 4.17 does exempt certain proceedings, including administration of an estate, from T.R. 4 through T.R. 4.16 regarding methods to "serve summons" and "notice." Trial Rule 4.17 reads as follows:

> Rules 4 through 4.16 shall not replace the manner of serving *summons* or giv-

ing *notice* as specially provided by statute or rule in proceedings involving ... the administration of decedent's estates.... (Emphasis supplied.)

"Commencing" an action is a different procedure than serving "summons" or giving "notice." "Filing" is all that is needed to commence an action in civil court, and "filing" is the procedure to which I.C. 29-1-7-17 refers.

Defendants cite *McGeath v. Starr* (1901), 157 Ind. 320, 323, 61 N.E. 664, 665, when referring to the general rule of law that to commence a case one must file a complaint and issue summons on all of the would-be defendants. But, in *McGeath*, the party attempting to contest the will not only "failed to issue adequate process" within the allotted three (3) years, but also never attempted to serve notice by any method. *McGeath* is distinguishable from our case because here Contestors requested the clerk to issue process and the summons was served by sheriff within a few weeks after the five month period for filing had expired.

The trial court held, as the court in *McGeath* did, that this rule of law requiring issuance of summons to commence an action applies to will contests. Understandably, this general rule of law has changed since 1901. T.R. 3 states the current rule of law: An action is commenced when a plaintiff files a complaint or equivalent pleading in court. *Cf. Zambrana v. Anderson* (1990), Ind.App., 549 N.E.2d 1078, and *Geiger & Peters, Inc. v. Am. F.N.B.* (1981), Ind.App., 428 N.E.2d 1279. The revised rule applies to will contests.

In *Willman v. Railing* (1988), Ind.App., 529 N.E.2d 122, *reh. denied, trans. denied,* this court held that the procedure relating to the method for service of process in the Trial Rules does not supersede the method defined in I.C. 29-1-7-18, which applies to will contests. *Willman* also holds that failure to follow the statutorily required method for service of process defined in I.C. 29-1-7-18 deprives the court of jurisdiction over the parties. We decline to

extend *Willman* to require the clerk to issue service of process within five (5) months of the admission of a will for probate. I.C. 29-1-7-18 requires summons to be served by sheriff; it does not place a time restraint on the issuance of service by the clerk.

Further, *Willman* is distinguishable from the case here. The facts in *Willman* reveal that the contestors made service of process via certified mail and never requested service by sheriff, as prescribed by I.C. 29-1-7-18. Here, Contestors did request service of process by sheriff.

Filing as required in I.C. 29-1-7-17 is the act of filing the complaint with the court and does not include the issuance of summons. The issuance of summons is beyond the plaintiff's control as it must be completed by the clerk. To hold otherwise would deny the contestors their statutory right to contest the will based upon the independent actions of the clerk's office.

The trial court erred by dismissing Contestors' first amended complaint. Accordingly, we remand for proceedings consistent with this opinion.

BAKER, J., concurring.

RATLIFF, C.J., dissenting with separate opinion.

RATLIFF, Chief Judge, dissenting.

I respectfully dissent. As stated by Judge Neal in *Willman v. Railing* (1988), Ind.App., 529 N.E.2d 122, 124, *trans. denied:*

"A proceeding to contest the validity of an alleged will is purely statutory and can be brought and successfully maintained in the manner and within the limitations prescribed by statute. [citations omitted.] Failure to give the notice prescribed by statute leaves the trial court without jurisdiction over the proceeding."

The provisions of IC 29-1-7-18 state:

"When an action is brought to contest the validity of any will as provided in this article, summons shall be served upon the defendants in the manner following: (1) If the defendant is a resident of the state of Indiana summons shall be served

on him *by the sheriff* as provided in IC 29–1–1–12(a).

(2) If the defendant is a nonresident of the state of Indiana notice shall be served on him as provided in IC 29–1–1–12(b)." (emphasis added.)

While a summons was issued to each defendant on August 26, 1988, the summonses were sent by certified mail rather than served by a sheriff as required under IC 29–1–7–18. As in *Willman*, the contestors in the present case failed to adhere to the statutory requirements regarding service, therefore the trial court did not obtain jurisdiction over the will contest. *Id.* at 124.

The contestors argue, however, that when summonses were issued by the sheriff on December 20 and 22, 1988, the trial court did obtain jurisdiction over the proceedings. I disagree. The summonses issued in December were issued six (6) months after Ralph Green's will was offered for probate. Under IC 29–1–7–17 a will contest must be commenced within five (5) months after the will has been offered for probate.[1] Interpreting a similar probate provision in force in 1901,[2] the Indiana Supreme Court stated that "[t]he general rule that an action is commenced only when the complaint is filed, and process is issued thereon, applies to proceedings of this kind [probate] as well as to ordinary civil ac-

tions."[3] *McGeath v. Starr* (1901), 157 Ind., 320, 323, 61 N.E. 664, 665. In *McGeath*, the supreme court held that because the resisting party failed to issue adequate process within the three (3) year time period applicable, the resisting party was left without standing to pursue his claim. *Id.* at 324, 61 N.E. at 665. Similarly, because the contestors failed to issue summonses in accordance with the requirements stated in IC 29–1–7–18 until December of 1988, the trial court did not gain jurisdiction over the proceedings within the five (5) month period articulated in IC 29–1–7–17.

I believe the majority's reliance upon Trial Rule 3 for their position totally disregards the strict statutory requirements relating to will contest actions and stretches T.R. 3 beyond the intendment of the trial rules which specifically provide in Trial Rule 1 that "[e]xcept as otherwise provided" the rules govern the practice and procedure in the courts of this state. Will contest actions, in my view, are within the "except as otherwise provided" category. If that is to be changed, it should be done by legislation. Therefore, it is my opinion that the trial court did not err in dismissing the contestors' complaint.[4]

---

1. At the time of the will contest herein, IC 29–1–7–17 read as follows:

    Any interested person may contest the validity of any will or resist the probate thereof, at any time within five (5) months after the same has been offered for probate, by filing in the court having jurisdiction of the probate of the decedent's will his allegations in writing verified by affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto.

    This statute has since been amended; however the changes made are not pertinent to our opinion.

2. The 1901 statute read as follows:

    Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the Circuit

Court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto.

    Ind.Code Ann. § 2596 (Horner's 1901).

3. Ind.Trial Rule 3 presently states that a civil action is commenced by filing a complaint with the court and makes no reference to the necessity of service of process. However, the trial rules relating to service are specifically inapplicable to probate proceedings. *See* Ind.Trial Rule 4.17.

4. Given that rule that summonses must be *issued* within the five (5) month period articulated in IC 29–1–7–17 and not necessarily *served* within that time period, the contestors' due process arguments are specious.