## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 12 2018, 9:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

John J. Schwarz, II
Schwarz Law Office, PC
Hudson, Indiana

ATTORNEYS FOR APPELLEES

Katherine Ridenour
Nathan S.J. Williams
Shambaugh Kast Beck & Williams, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bona Lou Press, Guy S. Cress, Kimsey C. Cress,

*Appellants-Petitioners,*

v.

The Estate of Lorien Cress, The Estate of Halden Schueler, Kenneth Schueler, Marlene Schueler, and The 2016 Haspel Family Trust Dated July 15, 2016,

*Appellees-Respondents.*

December 12, 2018

Court of Appeals Case No. 18A-MI-1609

Appeal from the Adams Circuit Court

The Honorable Chad E. Kukelhan, Judge

Trial Court Cause No. 01C01-1711-MI-56

**Bradford, Judge.**

# Case Summary

[1] Bona Lou Press, Guy S. Cress, and Kimsey C. Cress (collectively, "Appellants") filed an action contesting the validity of Lorien Cress's will. The action was subsequently dismissed after Appellants failed to timely serve summonses upon the Estate of Lorien Cress, the Estate of Halden Schueler, Kenneth Schueler, Marlene Schueler, and the 2016 Haspel Family Trust (collectively, "Appellees"). Appellants contend that the trial court erred in dismissing the action. Alternatively, Appellants contend that even if the trial court properly dismissed the action, they should be able to re-file their action pursuant to the Journey's Account Statute ("the JAS"). Because we conclude that the trial court did not err in dismissing Appellants' action and that Appellants' reliance on the JAS is misplaced, we affirm.

# Facts and Procedural History

[2] Lorien Cress died on July 17, 2017. Approximately one month later, Kenneth Schueler petitioned to probate Cress's will, which was dated November 24, 2015. The trial court entered an order to probate the will on August 22, 2017.

[3] Appellants initiated a will contest on November 17, 2017. In doing so, Appellants tendered their complaint and summonses to the Adams County Clerk. The tendered summonses indicated that rather than have the Clerk's Office or the Sheriff serve the summonses, Appellants elected to serve Appellees

with process by their attorney "sending a copy of the summons and petition by registered or certified mail, return receipt requested, to [Appellees] at [their] address[es] set forth in the summons." Appellees' App. Vol. II p. 21. The Clerk returned the summonses to Appellants' counsel for service to Appellees. Counsel, however, did not serve or even attempt to serve the summonses on the Appellees.

On January 18, 2018, Appellees moved to dismiss the action, claiming that they had not been timely served with the summonses. Soon thereafter, Appellants served copies of the summonses and complaint upon Appellees by certified mail. The trial court granted Appellees' motion to dismiss on April 19, 2018. Appellants filed a motion to correct error on May 21, 2018, which motion the trial court denied on June 8, 2018.

# Discussion and Decision

## I. Dismissal of Action

Appellants contend that the trial court erred by denying their will contest following their failure to timely serve Appellees with summonses. Because the relevant facts are undisputed, the question before us is one of law and we review the trial court's ruling de novo. *Blackman v. Gholson*, 46 N.E.3d 975, 977 (Ind. Ct. App. 2015). In such cases, we may affirm an order granting "a motion to dismiss based upon any theory or basis supported by the record, regardless of the explanation provided by the trial court." *Id.*

[6]     Indiana Code section 29-1-7-17 provides that

> Any interested person may contest the validity of any will in the
> court having jurisdiction over the probate of the will within three
> (3) months after the date of the order admitting the will to
> probate by filing in the same court, in a separate cause of action,
> the person's allegations in writing verified by affidavit, setting
> forth:
>> (1) the unsoundness of mind of the testator;
>> (2) the undue execution of the will;
>> (3) that the will was executed under duress or was
>> obtained by fraud; or
>> (4) any other valid objection to the will's validity or
>> the probate of the will.
> The executor and all other persons beneficially interested in the
> will shall be made defendants to the action.

"When an action is brought to contest the validity of any will … notice is
served upon the defendants in the same manner as required by the Indiana
Rules of Trial Procedure." Ind. Code § 29-1-7-18(a). This includes issuing
summonses to all interested parties. *See* Ind. Trial Rules 3 & 4(A).

[7]     It has long been established that a "proceeding to contest a will is a statutory
action; it may be filed only within the time and upon grounds prescribed by the
statutes." *Matter of Niemiec's Estate*, 435 N.E.2d 999, 1001 (Ind. Ct. App. 1982).
Although Appellants acknowledge this, they claim that their failure to timely
issue the summonses was not grounds for dismissal. In support, they cite to
*Milligan v. Denham*, 553 N.E.2d 1265 (Ind. Ct. App. 1990). In *Milligan*, the
plaintiffs filed a timely will contest and provided the necessary summonses to
the court. 553 N.E.2d at 1266. Service was to be completed by the sheriff,

who, for some reason, failed to complete service within the statutorily-mandated timeframe. *Id*. On appeal, we found that the trial court erred in dismissing the action because the lack of service was of no fault of the plaintiffs. *Id*. Unlike in *Milligan*, however, the failure to serve Appellees with the summonses was the fault of Appellants' attorney. Such a distinction is especially relevant because it demonstrates that the failure of service was caused by negligence on the part of Appellants and their representative, not a third party.

[8] Again, it is undisputed that Appellants failed to serve Appellees with the summonses within the time set forth in the will contest statutes. In *Blackman*, we concluded that plaintiff's failure to comply with the will contest statutes and Trial Rules "properly subjected his filing to dismissal." 46 N.E.3d at 980. We reach the same conclusion in this case. The trial court did not err in dismissing the Appellants' will contest.

## II. The JAS

[9] Appellants alternatively contend that even if dismissal was proper, they should be permitted to re-file their will contest pursuant to the JAS. The JAS, codified at Indiana Code section 34-11-8-1(a)(1), provides that if a plaintiff "fails in the action from any cause except negligence in the prosecution of the action," the plaintiff may initiate a new action no later than three years after the failure or reversal of the cause of action. "The purpose of the JAS is to provide for continuation of a cause of action when a plaintiff fails to obtain a decision on

the merits for some reason *other than his or her own neglect* and the statute of limitations period expires while the suit is pending." *Blackman*, 46 N.E.3d at 980–81 (emphasis added).

[10] Appellants do not dispute that under the JAS relief is not available where a dismissal resulted from a plaintiff's negligence in the prosecution of the action. In this case, the dismissal resulted from Appellants' failure to even attempt to serve Appellees with the summonses within the statutorily-mandated three-month period. Appellants' only explanation for this failure was that they were "partially impeded in issuing the summons, complaint and appearance due to the Thanksgiving and Christmas Holidays following the filing of the will contest." Appellees' App. Vol. II, p. 10. The trial court found that Appellants' failure to diligently ensure that Appellees were timely notified of the action constituted negligence by Appellants in prosecuting the action. We agree, and, as a result, conclude that Appellants are not entitled to relief pursuant to the JAS.

[11] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.