<hr />

## CORNELL *v.* GOODRICH *et al.*

PLEADING—LIMITATIONS.—Suit to test the validity of a will. The complaint avers, amongst other things, the following facts: The will

Cornell *v.* Goodrich et al.

was admitted to probate before the Clerk on *August* 30, 1854, and, on *May* 6, 1857, the present plaintiff, one of the heirs of the testator, sued in the *Shelby* Circuit Court to annul the will and the probate thereof, making the other heirs and devisees defendants, and alleging sufficient grounds to invalidate said will, and on a trial in said Court, the will was adjudged to be void, and the probate thereof was set aside. The defendants appealed to the Supreme Court, and said judgment was reversed by said Court, on *November* 19, 1860, on the ground that the *Shelby* Circuit Court had no jurisdiction to adjudge said will and probate invalid, and, on *February* 18, 1861, this action was commenced in the *Shelby* Common Pleas, for the same purpose, against the same defendants, and praying for the same relief, upon the same grounds, and alleging that the plaintiff was, at the death of the testator, and at all times since has been, and now is, a resident citizen of the State of *Ohio*, and at no time, since said death, has been a resident citizen of the State of *Indiana*.

*Held*, That the complaint was good on demurrer, and that, under § 47, 2 G. & H. 561, the plaintiffs' right of action was not barred by the lapse of time.

APPEAL from the *Johnson* Common Pleas.

DAVISON, J.—This was a proceeding, under the statute, to contest the validity of the will of one *Andrew Cornell*, deceased. Demurrer to the complaint sustained, and final judgment given, &c.

The only question to settle is, whether the complaint, on its face, shows that the proceeding is barred by the statute of limitations?

The facts alleged in that pleading, so far as they relate to the question to be considered, are as follows:

The will, it appears, was offered for, and admitted to, probate on the 30th of *August*, 1854, before the Clerk of the *Shelby* Common Pleas, and, on *May* the 6th, 1857, the present appellant commenced an action in the *Shelby* Circuit Court, to annul the said supposed will and the probate there-

of, making the present appellees parties defendants, and alleging the same objections to its validity, as herein alleged. It is averred that said defendants appeared, and made defence to the action in the *Shelby* Circuit Court, and that the proceedings in that action resulted in a verdict and judgment, setting aside the will and probate; from which judgment, the then defendants appealed to the Supreme Court, and which Court afterwards, on the 19th of *November*, 1860, and while in session, reversed said judgment, on the ground, and for the cause, that the *Shelby* Circuit Court had no jurisdiction to adjudge said will and probate invalid, and that this suit was commenced within one year after the aforesaid reversal, to-wit: on the 18th of *February*, 1861; and, further, it is averred, that *Thornton Cornell*—the appellant—who was the plaintiff below, was, at the death of *Andrew Cornell*, the testator, and at all times since has been, and now is, a resident citizen of the State of *Ohio*, and at no time, since said death, has been a resident or citizen of this State.

Upon these facts, it is insisted, that this suit is barred by the statute of limitations. Is the position, thus assumed, correct? An act, relative to the contestation and probate of wills, provides, sec. 39, that "any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate." And sec. 47, of the same statute, enacts, that "infants, persons absent from the State, or of unsound mind, shall have two years, after their disabilities are removed, to contest the validity or due execution of such will." 2 Rev. Stat. pp. 317, 319. And by sec. 218, p. 77, of the same revision, it is provided, that "if, after the commencement of an action, the plaintiff fail therein from any cause, except negligence in the prosecution, or the action shall abate or be defeated by the death of a party, or judgment be arrested, or reversed on appeal, a new action may be brought within five

Cornell *v.* Goodrich et al.

years after such determination, and be deemed a continuation of the first for the purposes herein contemplated."

These provisions are cited and relied on by the appellant. Do they, when applied to the alleged facts, exclude the operation of the statute?   As we have seen, the averment is, that the plaintiff was, at the death of the testator, and at all times since, a resident citizen of *Ohio*, "and was at no time, since said death, a resident or citizen of this State." This, it seems to us, was sufficient to show, *prima facie*, an absence from the State, at the time, and at all times since, the will was offered for probate.   It is true, the plaintiff, on the 6th of *May*, 1857, instituted a suit in the *Shelby* Circuit Court to contest the validity of this will; but that does not necessarily involve the fact that he was then in the State.   And the complaint being silent as to whether he was or not within the State, we are inclined to hold that the statute did not commence running against him at a period sufficient to bar the present action.   *Hall* v. *Little*, 14 Mass. 203.

We think, however, that sec. 218, above recited, does not apply to the case made by the complaint; because it is contained in an article of the code, which relates generally to the "limitation of civil actions," and which provides, that "all actions not limited by any other statute, shall be brought within fifteen years.   In special cases, where a different limitation is prescribed by statute, the provisions of this article shall not apply." 2 R. S. p. 76, sec. 212.   But the plaintiff, having a right, as appears by the complaint, to avail himself of the saving clause—sec. 47—in the act relative to the contestation, &c., of wills, &c., the judgment must be reversed. *Id.* 319.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*Thos. A. Hendricks* and *M. M. Ray*, for the appellant.

*Davis, Wright & Major*, for the appellees.