Rupert v. Martz.

Filed Oct. 24, 1888.

---

No. 13,384.

RUPERT v. MARTZ.

JUDGMENT.—*Relief from.*—*Surprise, etc.*—*Complaint.*—*Showing of Meritorious Defence.*—A complaint under section 396, R. S. 1881, to be relieved from a judgment on account of surprise, inadvertence or excusable neglect, is bad unless it shows a meritorious defence to the original action.

SAME.—*Legal Remedies.*—*Vested Rights.*—*Obligation of Contracts.*—*Constitutional Law.*—There are no vested rights in the law generally, nor in legal remedies, and changes therein by the Legislature are not within the inhibition of section 10 of article 1 of the Constitution of the United States, unless of such a character as to materially affect the obligation of contracts.

SAME.—*Review of Judgment.*—*Remedy May be Changed or Abolished.*—The statute providing for a review of judgments merely prescribes a remedy, and this remedy the Legislature may change or take away altogether.

SAME.—*Limitation of Action.*—*Disability.*—*Repeal of Statute.*—The statute of 1881 (R. S. 1881, sections 615, 616), limiting the bringing of proceedings for review of judgments on account of error of law to one year after the removal of disability, repealed the prior statute allowing such proceedings to be brought within three years after the removal of disability; and all proceedings for review thereafter filed must be brought within the terms of the law of 1881, without regard to the time when the judgment was rendered.

SAME.—*New Action After Failure.*—*Statute Construed.*—The provision in section 299, R. S. 1881, that if, after the commencement of an action,

the plaintiff fail therein, a new action may be brought within five years, and be deemed a continuation of the first, for certain purposes, has no application to special proceedings for the review of judgments as provided by section 615.

From the Huntington Circuit Court.

*B. F. Ibach, B. M. Cobb* and *J. G. Ibach,* for appellant.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellee.

ZOLLARS, J.—The purpose of this action by appellant is to avoid a decree quieting the title to the land described in the complaint in her father.

So far as it is necessary in this connection to refer to the complaint, the following brief and general summary is sufficient:

Appellant's mother died intestate in 1864. At the time of her death the fee to the land in dispute here was in her. In 1871, when appellant was a minor, her father, Benjamin Rupert, commenced an action against her to have the title to the land quieted in him. She was the sole defendant, and, having been duly served with process, a guardian *ad litem* was appointed for her by the court. The guardian *ad litem* filed an answer, and the cause having been submitted to the court, a decree was rendered on the 5th day of December, 1871, quieting the title to the land in the father. Subsequent to the decree the father conveyed all the title he had to the land to Cornelius Martz, appellee herein and the defendant below. And subsequent to that conveyance, and before the commencement of this action, the father died.

In their arguments here, counsel for appellant seem to assume that the complaint may be regarded both as an application to be relieved from the decree on account of surprise, inadvertence and excusable neglect on the part of appellant, and as an action for a review of the proceedings and decree quieting the title in the father.

One of the errors assigned here is, that the court below

erred in overruling a demurrer to appellee's answer. In that answer it is averred, amongst other things, that this action was not commenced by appellant within one year after she attained the age of twenty-one years, and that she, at no time, had been under any other legal disability.

Section 396, R. S. 1881, provides that the trial courts shall relieve parties from judgments taken against them through their mistake, inadvertence, surprise or excusable neglect, on complaint or motion filed within two years.

It is not necessary to inquire here whether or not there is any statute which extends the time beyond the disability of infancy in which to make an application to be relieved from a judgment under the above statute. It is sufficient to say that, whether the answer is good or bad, it is sufficient to meet the complaint so far as it may, in any sense, be regarded as an application to be relieved from the decree on account of surprise, etc. A bad answer is sufficient for a bad complaint.

To make a complaint or application good under the above statute, it must show that the applicant has a valid or meritorious defence to the original action, and what that defence is. *Yancy* v. *Teter*, 39 Ind. 305; *Lee* v. *Basey*, 85 Ind. 543; *Wills* v. *Browning*, 96 Ind. 149; *Woods* v. *Brown*, 93 Ind. 164.

In the complaint in this case it is not shown, nor attempted to be shown, that appellant had, or has, any valid or meritorious defence to the action by her father.

Without saying more in relation to the argument of counsel for appellant, which seems to treat the complaint as an application to set aside the decree on account of surprise, etc., we turn to the other branch of the argument, which treats the case as an action for a review of the proceedings and decree.

In disposing of this branch of the case we decide nothing as to the sufficiency of the complaint, but confine ourselves to the questions raised by the answer.

As before stated, the decree was rendered in 1871, when appellant was a minor. The statute then in force provided that any party to a judgment might file in the court where such judgment was rendered a complaint for a review of the proceedings and judgment at any time within three years next after the rendition thereof, and that any person under legal disabilities might file such complaint at any time within three years after the disability was removed. 2 R. S. 1876, p. 247, section 586.

This action was commenced in May, 1885. It is averred in the answer that appellant attained the age of twenty-one years two years prior to that time, and that her action was, therefore, not commenced within one year after becoming twenty-one years of age.

The act which went into effect on the 19th day of September, 1881, superseded the act above mentioned.

In a case like this, where the review is sought upon the ground of error of law appearing in the proceedings and judgment, the latter act provides that the complaint for review must be filed within one year from the rendition of the judgment, and that any person under legal disabilities may file such complaint at any time within one year after the disability is removed. R. S. 1881, sections 615, 616.

Had the prior act remained in force, appellant would have had three years after attaining the age of twenty-one years in which to commence this action, or until May, 1886. Under the later act, the time within which persons may commence such an action after attaining the age of twenty-one years is cut down to one year, and, as applied to appellant's case, expired one year before this action was commenced.

Counsel for appellant argue that if the act of 1881 is applicable, it is, as to this case, unconstitutional, because it destroys a vested right, and is in violation of section 10 of article 1 of the Constitution of the United States, which inhibits the passage of laws by the States impairing the obligation of contracts.

There are no vested rights in the law generally, nor in legal remedies, and hence changes in them by the Legislature do not fall within the constitutional inhibition, unless they are of such a character as to materially affect the obligation of contracts. *Davis* v. *Rupe,* 114 Ind. 588; *Bryson* v. *Mc-Creary,* 102 Ind. 1, and cases there cited.

The statute providing for a review of judgments is not a contract, nor can it be properly said that it enters into contracts made by contracting parties, either as a part of the contracts or as a part of the remedy.

If such a statute confers a right at all, the right thus conferred is a mere statutory right, and having been conferred by the Legislature it may be changed or taken away by the Legislature.

Properly speaking, such a statute creates and prescribes a remedy whereby a person may, in a proper case, avoid a judgment rendered against him.

In the case before us the judgment which appellant seeks to review was not, and is not, a contract, nor did it grow out of, or rest upon, a contract between appellant and any other person. It would be difficult, therefore, to perceive how it could be properly said that the statute providing for a review of judgments was in any way a contract, or an element in a contract, in which appellant had any interest. As before stated, the statute prescribed a remedy simply for a review of judgments, and that remedy the Legislature had a right to change or take away altogether. See *Board, etc.,* v. *Ruckman,* 57 Ind. 96; *Henderson* v. *State, ex rel.,* 58 Ind. 244; *Moor* v. *Seaton,* 31 Ind. 11.

So far as concerns appellant and the decree in her father's favor, the act of 1881 neither violated any contract, overthrew any vested right, nor destroyed any remedy given for the enforcement of a contract.

Counsel for appellant argue that the act of 1881 is not retroactive, and, therefore, can not apply to her case, the decree

in her father's favor having been rendered before it was passed.

That argument can be of no avail to appellant. One thing is certain, and that is, that the act of 1881 repealed, by implication, the previous act which provided for the review of judgments.

The act in force at the time the decree in favor of the father was rendered has not been in force for any purpose since the taking effect of the act of 1881. If the act of 1881 is not applicable to appellant's case, she is without any remedy for a review of the decree which she seeks to review. On the other hand, if the act of 1881 is applicable to her case, she failed to bring the case within its provisions, in that she failed to commence her action within one year after her disability of infancy was removed.

This is as much as we need decide in this case. What may be the proper construction of the act of 1881 as applied to the different cases mentioned by counsel in argument may be more properly determined when such cases shall come before us. It is enough here that upon any view that may be taken the answer under consideration is sufficient.

Appellant sought to avoid the answer by a reply in which she averred that in 1882 she commenced an action similar to the present action, and having failed to bring in the necessary parties as defendants, she dismissed the action by the advice and consent of the court. The object of that reply was to bring the case within the terms of section 299, R. S. 1881, which provides that "If, after the commencement of an action, the plaintiff fail therein, from any cause except negligence in the prosecution, * * * * a new action may be brought within five years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

That section is found in article 6 of the code, and has reference to actions limited by the different sections of that article. It has no reference at all to the special proceeding

for the review of judgments as provided by the subsequent section 615, found in article 24 of the code. See *Cornell* v. *Goodrich*, 21 Ind. 179. See, also, *McCurdy* v. *Love*, 97 Ind. 62.

The court below did not err in sustaining the demurrer to the reply.

Judgment affirmed, with costs.

Filed Oct. 23, 1888.