THE CHICAGO TITLE AND TRUST COMPANY *et al.*

*v.*

ANNIE BROWN *et al.*

*Opinion filed December 18, 1899.*

1. WILLS—*husband of residuary legatee is not a competent subscribing witness.* The husband of the person named as residuary legatee in the will is not a competent subscribing witness to prove the execution of the will.

2. SAME—*when admission of will to probate is erroneous.* The admission of a will to probate is erroneous when one of the two witnesses on whose testimony the court acted was incompetent.

3. SAME—*when probate court has jurisdiction to probate a will.* The filing by the proper person of an instrument purporting to be the last will of a deceased person, which is in due form and attested by two witnesses and which shows no defects on its face, authorizes the court to take jurisdiction in the matter of probate.

4. SAME—*jurisdiction of equity to set aside probate is statutory.* The jurisdiction of a court of equity to set aside a will and its probate is conferred by section 7 of the act on wills, which statute, though not strictly a statute of limitation, is one of repose, and any one desiring to invoke the jurisdiction thereby conferred must do so in the manner and within the time provided therein.

5. JUDGMENTS AND DECREES—*intendments are in favor of judgment of probate court within its jurisdiction.* As liberal intendments will be indulged in favor of the judgment of the probate court, within the scope of its jurisdiction, as are indulged in favor of judgments of courts of general jurisdiction.

6. SAME—*when judgment admitting will to probate cannot be attacked.* A petition in the probate court to set aside the probate of a will cannot be sustained, although the probate was erroneous in that one of the witnesses to the execution of the will was incompetent, where the petitioners, though under no disability recognized by the statute, delayed action until some seven and one-half years after the will was probated.

7. SAME—*limits of power of probate court to correct its judgments.* The power of a probate court, sitting as a court of law, to correct its judgments after term at which they are rendered is confined to matters of form.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

F. G. GARDNER, and S. S. GREGORY, for appellants.

F. M. BURWASH, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

William S. Brown, late of Cook county, died on the 7th of January, 1891. On the 17th of February, 1891, Abby Maria Cowgill produced to the probate court of Cook county a paper purporting to be his last will and testament, and presented her petition to the probate court praying that she be appointed executrix thereof. This alleged will gave Mrs. Cowgill a life estate in Brown's property and the remainder to his sister, Mary A. Low. The will was signed and sealed by W. S. Brown on the 6th day of January, 1891, and attested as follows:

"The above instrument, consisting of one sheet, was signed, sealed, published and declared by the said William S. Brown as and for his last will and testament in presence of us, who, at his request and in his presence and in presence of each other, signed our names as witnesses thereto on the day and date above.

JNO. E. LOW, 925 Warren Ave.

EBEN F. RUNYAN, Jr., 701 Walnut St."

The witnesses to the will were both examined in the probate court and testified that the testator was of sound mind and memory; that he executed the will in their presence, and that they signed the instrument at his request, in his presence and in the presence of each other. On the testimony of the subscribing witnesses the probate court admitted the will to probate. On the 21st day of November, 1898, the appellees, being children of a surviving brother of the testator, (who has, however, since died, leaving appellees as his heirs,) exhibited their petition in the probate court to revoke and annul probate of this will and to recall the letters testamentary issued to Mrs. Cowgill, on the ground that John E. Low, one of the witnesses to the will, was, at the time he attested it, the husband of Mary A. Low, named as residuary legatee in the will. The probate court denied the petition, but upon appeal to the circuit court a judgment was entered revoking the probate of the will and declaring the will null

and void. To reverse the judgment of the circuit court this appeal was taken.

Section 2 of chapter 148 of the Revised Statutes of this State declares: "All wills, testaments and codicils, by which any lands, tenements, hereditaments, annuities, rents, or goods and chattels are devised, shall be reduced to writing, and signed by the testator or testatrix, or by some person in his or her presence, and by his or her direction, and attested in the presence of the testator or testatrix, by two or more credible witnesses." These statutory requirements are indispensable, as has often been held by this court. (*Rigg* v. *Wilton*, 13 Ill. 15; *Doran* v. *Mullen*, 78 id. 342.) In *Rigg* v. *Wilton* it is said: "There are some indispensable requisites to the due execution of a will. It must be signed by the testator, or by some one in his presence and by his direction, and attested in his presence by two or more witnesses. A paper that has not thus been subscribed and witnessed has no force or effect as a will, under our statute. But as to all other questions affecting its validity, such, for example, as the sanity or capacity of the testator, no particular *quantum* of evidence is necessary on the trial of an issue under the statute." The expression in the statute "credible witnesses" means competent witnesses. (*Fisher* v. *Spence*, 150 Ill. 253.) Here, one of the witnesses to the will, John E. Low, was the husband of Mary A. Low, to whom the property was devised, and under the rule established in *Fisher* v. *Spence* he was not a competent witness to prove the execution of the will. The will was not, therefore, attested by two credible witnesses, as required by the statute to entitle it to be admitted to probate.

It is, however, contended by the appellants that the probate court had jurisdiction of the application to probate this will, with full power and authority to determine whether or not the paper tendered was in fact the last will and testament of William S. Brown, deceased, duly signed and attested as such, and that the decree of

that court was not void for want of jurisdiction, but was effectual unless appealed against or attacked in some direct proceeding authorized by law.

The jurisdiction of probate courts is fixed by section 20 of article 6 of the constitution and by the act to establish probate courts, approved April 27, 1877, passed in pursuance of the constitution. The section of the constitution expressly empowered the legislature to provide for the establishment of probate courts in each county of the State having a population of fifty thousand, and provided that "said courts, when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts." The act conferred jurisdiction in the language of the constitution. When, therefore, application was made to probate the will in question, the jurisdiction of the probate court to hear applications and admit wills to probate or refuse probate was beyond dispute. It is true that probate courts are courts of limited jurisdiction, but, when acting within the scope of their jurisdiction, as liberal intendments will be indulged in favor of their judgments as those of courts of general jurisdiction. (*People* v. *Seelye*, 146 Ill. 189.) In the case last cited *Rhode Island* v. *Massachusetts*, 12 Pet. 657, was quoted as to jurisdiction, as follows (p. 221): "Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit,—to adjudicate or exercise any judicial power over them. The question is, whether, in the case before a court, their action is judicial or extra-judicial; with or without the authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction. What shall be adjudged between the parties, and with which is the right of the case, is judicial action, by hearing and determining it." Bouvier defines jurisdiction as follows: "Juris-

diction is the authority by which judicial officers take cognizance of and decide cases; power to hear and determine a cause; the right of a judge to pronounce a sentence of the law in a case or issue before him, acquired through due process of the law."

If a court has jurisdiction of the subject matter and the parties, where its judgment is called in question collaterally, errors, however gross, will not impeach or set aside the judgment. This rule is well understood and well established. Here the executrix named in the instrument purporting to be the will of William S. Brown presented it, as she was required to do by law, to the probate court of Cook county,—a court clothed with exclusive jurisdiction to take proofs of wills and admit them to probate. The will was in due form and attested by two witnesses. These witnesses were brought into court and examined by the court, and upon hearing the evidence the court admitted the instrument to probate as the last will of William S. Brown. There was nothing on the face of the will which in the least tended to show any defect in the execution or attestation of the instrument, nor, so far as appears, was there anything disclosed by the evidence heard by the court tending to show any want of due execution or attestation of the will. After the death of the testator, when the instrument in writing purporting to be his last will and testament had been presented to the court, executed by the testator and attested by two witnesses, the court became clothed with jurisdiction to hear and determine the application for probate, and whether the decision reached by the court in admitting the will to probate was sound or erroneous, as the court had the power to hear and determine the application and enter the judgment of probate, we are not prepared to hold that the judgment may be attacked in a collateral proceeding. The probate court may have erred in holding that John E. Low was a credible witness. If that was true, any person inter-

ested had the right, under section 14 of the Statute of
Wills, to appeal to the circuit court and there have the
judgment of the probate court reviewed, or any person
interested had the right, under section 7 of the same
statute, to file a bill in chancery, at any time within three
years from the date of probate, to contest the validity
of the will.   There were two remedies, either of which
was ample to enable appellees to review the judgment
of the probate court, but they failed to avail of either
of these remedies, but, after a delay of seven years and a
half, they instituted this proceeding to nullify the will ·
and the probate thereof by a collateral attack.   We do
not think that the judgment of the probate court can be
impeached in the mode here attempted, but, on the other
hand, we are of the opinion that the weight of authority
sustains the position that the judgment of probate is
binding and cannot be attacked in the mode proposed.
(*Vanderpool* v. *VanValkenburgh*, 6 N. Y. 190; *Bailey* v. *Bailey*,
8 Ohio, 239; *Whitman* v. *Haywood*, 77 Tex. 557; 2 Black on
Judgments, secs. 635,636; *Bowen* v. *Allen*,113 Ill.53; *Stanley*
v. *Safe Deposit Co.* 40 Atl. Rep. 53.)   In the *Vanderpool case*
the court of appeals held that in a collateral proceeding
a judgment of probate entered on the testimony of one
witness was valid.   In *Whitman* v. *Haywood* it was said:
"All that was required was to show that an order for the
probate of a will was made by a court having jurisdiction
to make the order.   If the evidence was not sufficient to
authorize a judgment, the only way to avoid its effect
was to pursue the remedies prescribed by the statute for
that purpose.   In a collateral proceeding the evidence
upon which the will was established will not be consid-
ered, however defective it may seem."   This was followed
in *Halbert* v. *DeBode*, 28 S. W. Rep. 58.   In the State of
Georgia a different view has been taken of the question.
In that State the statute requires wills to be attested by
three or more competent witnesses.   In *Gray* v. *Sanders*,
101 Ga. 601, a will attested by only one witness having

been admitted to probate, it was held that the will and probate were void. In that case it was said: "A judgment of the court of ordinary, ordering the probate of such a paper attested by one witness only, gives that paper no effect as a will in any proceeding in which its validity may be called in question."

Much reliance is placed in the argument on *Thomas* v. *People*, 107 Ill. 517, where it was held that a grant of administration on the estate of a person who was living, together with all acts done under such grant, was null and void. We do not regard the decision in that case as one controlling here. There the court had no jurisdiction because there was no estate upon which letters of administration could be granted. There being no estate there was nothing upon which letters of administration could be predicated. If there had been no instrument of writing executed by the testator purporting to be a will there might be some similarity between the cases; but such was not the case. Here there was a written instrument executed by the testator and attested by two witnesses, containing all the formalities of a will. Indeed, all the elements necessary to call the probate court into action were present.

It is, however, contended by the appellants that under section 7 of the Statute of Wills the judgment admitting the will to probate is binding and conclusive on all parties concerned. Section 2 of the Statute of Wills, after providing for the proof of wills, proceeds as follows: "And every will, testament or codicil, when thus proven to the satisfaction of the court, shall, together with the probate thereof, be recorded by the clerk of said court, in a book to be provided by him for that purpose, and shall be good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein and thereby devised, granted and bequeathed." Section 7 as it existed when this will was probated is as follows: "When

any will, testament or codicil shall be exhibited in the county court for probate thereof, as aforesaid, it shall be the duty of the court to receive probate of the same without delay, and to grant letters testamentary thereon to the person or persons entitled; and to do all other needful acts to enable the parties concerned to make settlement of the estate at as early a day as shall be consistent with the rights of the respective persons interested therein: *Provided, however*, that if any person interested shall, within three years after the probate of any such will, testament or codicil, in the county court as aforesaid, appear, and by his or her bill in chancery, contest the validity of the same, an issue at law shall be made up, whether the writing produced be the will of the testator or testatrix or not; which shall be tried by a jury in the circuit court of the county wherein such will, testament or codicil shall have been proven and recorded as aforesaid, according to the practice in courts of chancery in similar cases; but if no such person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all the parties concerned, saving to infants, *femes covert*, persons absent from the State, or *non compos mentis*, the like period after the removal of their respective disabilities." By act approved April 11, 1895, this section was amended so as to make the limitation two years instead of three, and omitting the words "*femes covert*, persons absent from the State," after word "infants," in the saving clause. Appellees having been residents of Pennsylvania at the time and ever since the death of the testator, under the law as declared in *Wheeler* v. *Wheeler*, 134 Ill. 522, it is not claimed that they fall within any saving clause of the statute.

Courts of equity in this State have no jurisdiction to contest a will or impeach a judgment of probate except such jurisdiction as has been conferred by the statute. Indeed, the statute conferring jurisdiction is the only source of power entrusted to a court of equity in this

State. (*Luther* v. *Luther*, 122 Ill. 558; 2 Freeman on Judg-
ments, secs. 484*a*, 608.)   Such being the case, a court of
equity can only entertain a bill in the mode and within
the time prescribed by the statute, and no such bill has
been filed in this case.   It may, however, be said that
courts of probate, as to matters committed to their juris-
diction, may exercise equitable powers.   Conceding this
to be true, and treating the proceeding instituted by ap-
pellees as a proceeding in the probate court in chancery,
it cannot be ·sustained, because the jurisdiction ·of the
court was not invoked within the time prescribed by the
statute.   If the probate court is clothed with equitable
jurisdiction in a case of this character, that jurisdiction
must be exercised in the same way and within the same
time that the circuit court might entertain a bill had one
been filed in that court.

Treating the application, then, as one appealing to
the equitable powers of the probate court, it cannot be
sustained.   Nor can it be sustained as an application to
the probate court as a court of law.   All courts sitting
at law or in- equity are clothed with power to revise,
annul and correct their judgments during the term at
which they are rendered.   But after the term has closed,
the judgments, unless in matters of form, cannot be
changed or set aside.   Treating the court of probate as
a court of law, it had no jurisdiction to change the judg-
ment of probate when application was made by appel-
lees.   The language of the statute is peculiar.   It confers
upon any person interested, power, within three years
after the probate, to appear and by bill in chancery con-
test the validity of the will, but if no such person shall
appear within the time aforesaid the probate as afore-
said shall be forever binding.   Doubtless the intention
was to limit the time for an appearance in any court
which might entertain an application.

In the State of Ohio a statute was enacted almost
exactly like ours, and in *Bailey* v. *Bailey*, 8 Ohio, 239, the

question arose as to the effect of a probate of a will in that State. In disposing of the question the court, among other things, said: "It may be said, however, that inasmuch as the fact appears upon the face of the bill of complaint that this will was not executed in conformity with our law, therefore the court may with propriety treat it as no will. Such, in the first instance, was the opinion of the court, but upon further reflection we have arrived at a different conclusion. The act of approval and ordering to record by the court of common pleas is a judicial act, and as the legislature have declared the effect of that act unless the same shall be impeached within a specified time and in the prescribed form, we entertain the opinion that it cannot be impeached *after that time nor in any other form.*" The doctrine of this case was re-affirmed in *Mosser* v. *Harmon,* 29 Ohio St. 220.

It is true that section 7 of our Statute of Wills is not strictly a statute of limitations, as held in *Sinnet* v. *Bowman,* 151 Ill. 146, and *Spaulding* v. *White,* 173 id. 127, but it is an act conferring jurisdiction on a court of equity, provided, however, the aid of the court shall be invoked within a specified time. While the act is one conferring jurisdiction, yet it may also be regarded as a statute of repose. In view of the large quantity of real estate transmitted annually by will, it is a question of great public importance whether the probate of a will shall remain open for contest three years, as provided by the statute, or whether the time shall remain at the option of the party who may seek to institute proceedings to contest. Doubtless the importance of the question was duly appreciated and considered by the legislature, as the time within which a contest might be instituted by bill was first fixed at five years, then reduced to three and now to two years.

After a careful consideration of the record we are satisfied that the probate court erred in admitting the will to probate. But the judgment was not void. Appellees

might have set aside the probate by an appeal to the circuit court, as provided by statute, or by bill in chancery brought within the time provided in the statute, but they have no standing by application in the probate court brought seven and a half years after the will was admitted to probate.

The decree of the circuit court will be reversed and the judgment of the probate court will be affirmed.

*Decree reversed.*