Niels Pedersen, Appellant, v. John T. Dempsey, Administrator with Will Annexed in Estate of Anton M. Simonsen et al., Appellees.

Gen. No. 44,928.

Heard in the second division of this court for the first district at the October term, 1949. ▉▉▉▉ Opinion filed June 2, 1950. Released for publication June 15, 1950.

GUILFORD R. WINDES, of Chicago, for appellant; BURTON H. YOUNG, of Chicago, of counsel.

NELSON, BOODELL & WILL, SUEKOFF & FROST, HOBART M. SIDLER, BOBB, SPOERRI, BOURLAND & HARRIS, and J. LEONARD ROCKEY, all of Chicago, for appellees; PETER

B. Nelson and James A. Daley, both of Chicago, of counsel.

Mr. Justice Schwartz delivered the opinion of the court.

The petitioner, Niels Pedersen, filed a petition in the probate court of Cook county on December 30, 1948 to set aside an order of November 23, 1945, admitting the will of Anton M. Simonsen to probate. He alleged discovery of new evidence affecting the validity of page 2 of the will. The probate court denied the petition, and on appeal, the circuit court did likewise. It is from this order that petitioner appeals to this court. This is the second occasion on which litigation concerning this will has been before this court. In *Dempsey v. Hass (Pedersen, Appellant),* 334 Ill. App. 81, the proper construction of the will was under consideration. A conflict existed between pages 1 and 2. If the language of page 1 prevailed, Pedersen would be a residuary legatee. If page 2 prevailed, all legatees would participate ratably in the residue. This court decided that the petitioner was not entitled to the residue. At that time, he did not question the validity of page 2. A petition for leave to appeal was denied by the Supreme Court on September 20, 1948 (#30709) and three months later petitioner instituted this proceeding. The petition is in effect a bill in the nature of a bill to review and to contest a will.

The question presented for decision is whether the probate court has jurisdiction to entertain this petition and vacate its previous order on proof of the facts alleged.

 The Probate Act creates a statutory right and defines the jurisdiction within the limits of which that right may be enforced. The methods of contesting a will and the limitations thereof prescribed in the statute are jurisdictional. *Spaulding v. White,* 173 Ill. 127; *Storrs v. St. Luke's Hospital,* 180 Ill. 368, 373;

*Chicago Title & Trust Co. v. Brown,* 183 Ill. 42; and
*People ex rel. Deynes v. Harriss,* 333 Ill. App. 280.
Those aggrieved by an order admitting a will to pro-
bate may appeal from that order or may file a bill to
contest the will.

The statute limiting the time for filing a bill to
contest a will was first fixed at five years, then re-
duced to three, then to two, and ultimately to its
present period of nine months. The reason for these
reductions in the time within which the validity of
a will may be questioned is the pressing importance
of securing an orderly settlement of estates, to prevent
embarrassment to creditors and others, and to avoid
as much confusion as possible in the vast amount of
property rights and titles that pass through probate.
So important has this been deemed by courts and
legislatures that neither fraud and concealment, nor
the admitted incompetency of an attesting witness nor
even the insanity of an heir can upset an order of
probate after the time allowed. *Chicago Title & Trust
Co. v. Brown, supra; Storrs v. St. Luke's Hospital,
supra; Luther v. Luther,* 122 Ill. 558; *Masin v. Bass-
ford,* 381 Ill. 569; and *Kessler v. Martinson,* 339 Ill.
App. 207.

In matters of administration, however, such as the
allowance of claims and of widows' awards, courts
have permitted a flexibility neither possible nor de-
sirable with respect to orders of probate. It is in
respect of such matters that courts generally speak
of the equity powers of the probate court. *Schlink
v. Maxton,* 48 Ill. App. 471, affirmed 153 Ill. 447, 452;
*Heppe v. Szczepanski,* 209 Ill. 88; and *Tisdale v. Davis,*
198 Ill. App. 116. Such cases are not germane to the
question of limitation of time on the contest of a
will. It has also been recognized that notice to heirs
is jurisdictional, and on this basis an order admitting
a will to probate may be set aside. This also is not
applicable to the instant case.

One case cited by appellants that deserves consideration is *Waterman v. Hall*, 298 Ill. 75. There, a bill to contest a will was filed within the statutory time. After an adverse decree, petitioner filed a bill for review on the ground of newly discovered evidence fraudulently concealed. The court held that a bill to contest a will is a suit in chancery and that as such, it proceeds as in other matters in chancery. The court said: "A bill of review is in the nature of a writ of error, and its object, as indicated by its name, is to have reviewed a decree in chancery rendered upon a former bill. . . ." The decision had the effect of establishing that the jurisdiction of a chancery court having attached, thereafter procedure by review was subject to the usual modes of chancery procedure. It has no application to the facts of this case.

If, however, we were to sustain the petitioner on the question of the jurisdiction of the probate court, the petition would still be inadequate because it fails to show diligence in discovery or to present evidence of a conclusive and decisive character. *Waterman v. Hall, supra,* 81; *Cohen v. Sparberg,* 316 Ill. App. 140.

Petitioner's principal ground for seeking to set aside the order of probate is that the paging numerals (1) and (2), were placed on the will by a clerk in accordance with a custom of the clerk's office, and that these numerals controlled the decision of the court. Petitioner alleges that he did not discover that these numerals were not placed there by decedent "until recent weeks." As only the testimony of attesting witnesses is admissible in the hearing in the probate court (*Spangler v. Bell,* 390 Ill. 152, 154), petitioner would not have been permitted to adduce evidence to support the facts he alleges. He could, however, have called the attention of the court to the fact that it was the clerk who had made the notations marking pages (1) and (2), if we assume that the court did not know that fact. Was this such conclusive evidence

144

as he would have us believe? It is not at all clear that this induced or even influenced the decision of the court. At the time of the hearing, the court said: "It [that is, the second page] is dated the same day. There are pencil notations indicating that this is the second page." It is obvious from this that the court gave primary significance to the fact that the first and second pages bore the same date. The pencil notations to which the court referred might have been those notations which gave directions with respect to the disposition of decedent's personal affairs.

The will was obviously prepared by a layman. It is full of alterations and interlineations which readily suggested the possibility of contest at the time it was first presented. The facts alleged, if true, were readily discoverable with reasonable diligence. Petitioner did not contest, however. Instead, he chose what he thought was a sound position that under a proper construction of the will as admitted to probate, he was entitled to the residue. The court having decided against him in that respect, he was stimulated to an investigation and the institution of the instant proceedings.

It is well known to the courts that except for matters involving domestic relations, no litigation is more protracted and more violent than disputes over the estates of decedents. In the case of *In re Estate of Blyman*, 382 Ill. 520, the Supreme Court said: "William G. Blyman has been dead nearly six years. It is high time that litigation over the administration of his last will and testament terminate and that the estate be closed. The ends of justice have been satisfied, and the litigation should now terminate. This is the terminus." The language quoted is applicable to the instant case.

We have not considered the defenses of prior adjudication or election of remedies, as we deem our

findings on the questions herein discussed to be conclusive.

The order of the circuit court of Cook county is affirmed.

*Order affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.