KUZMA, ADMINISTRATRIX ETC. *v.* PEOPLES TRUST & SAVINGS BANK ETC.

[No. 19,285. Filed June 29, 1961. Rehearing denied July 28, 1961.]

*John E. Early* and *Paul F. Arnold,* both of Evansville, for appellant.

*McCray & Clark* and *Gaylon L. Clark, Jr.,* of Evansville, for appellee.

RYAN, P. J.—This is a companion case to Cause No. 19286 entitled "Ethel Laura Kuzma, by Joseph J. Kuzma, as her Next Friend, vs. Peoples Trust & Savings Bank, Boonville, Indiana, as Personal Representative of the Estate of Lysle Eugene Emmons, Deceased," which was consolidated for the purpose of oral argument and is decided contemporaneously with this case.

It seems that Rosemary Kuzma, while riding in an automobile being driven by her sister, Ethel Kuzma, was involved in a collision with an automobile being driven by one Lysle E. Emmons on February 5, 1955. Rosemary Kuzma died on February 6, 1955, as did Lysle E. Emmons.

The briefs which were submitted and the record before us present some variance as to the dates of various pleadings and actions which were taken in the trial court, but the transcript which imports verity and which we must accept as being correct, shows the following:

On January 19, 1957, the court appointed the Peoples Trust & Savings Bank as the personal representative of the estate of Lysle E. Emmons, deceased. On May 8, 1957, the Peoples Trust & Savings Bank filed its oath and qualified to act as administrator, and on the same day letters of personal representation were issued by the clerk of the Warrick Circuit Court. Anna M. Kuzma, as administratrix of the estate of Rosemary Kuzma, filed a claim against the estate of Emmons on January 22, 1957. A demurrer was filed on December 7, 1957, and the demurrer was sustained after the court heard oral argument on September 10, 1958. The appellant refused to plead over after the sustaining of the demurrer, and judgment was entered against the appellant on October 9, 1958. The appellant now appeals from such ruling on the demurrer.

The demurrer was on the ground that the claim did not state facts sufficient to constitute a cause of action.

The appellant asserts that her claim is based on wrongful death, and that Burns' §2-404, 1946 Replacement [Acts 1881 (Spec. Sess.), ch. 38, §8, p. 240; 1899, ch. 177, §1, p. 405; 1933, ch. 12, §1, p. 708; 1937, ch. 292, §3, p. 1341; 1949, ch. 42, §1, p. 126; 1951, ch. 140, §1, p. 367; 1957, ch. 25, §1, p. 43], which provides in part as follows:

> "2-404. Action for wrongful death.—When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, . . ."

and that in accordance with such statute appellant's action could be brought at any time within two (2) years after the death of her decedent.

The appellee in turn relies on Burns' §7-801 (d), 1953 Replacement [Acts 1953, ch. 112, §1401, p. 295],[1] which is as follows:

"7-801. Limitations on filing claims—Statutes of limitation—Claims barred when no administration commenced—Liens not affected.—

"(a) All claims against a decedent's estate, other than expense of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors.

. . .

"(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one (1) year after the death of the decedent."

and asserts that the demurrer was correctly sustained since the administration of the appellee's estate did not commence within one (1) year after his death and thus appellant cannot enforce her claim.

The appellant further urges that an interpretation of §7-801 (d), *supra,* in limiting the appellant's action herein would cause conflict with §7-107 Burns' 1953 Replacement [Acts 1953, ch. 112, §707, p. 295; 1955, ch. 258, §4, p. 667], which provides as follows:

1. Burns' §7-801, *supra,* has been amended by ch. 287, Acts 1961.

"7-107. Notice of appointment of personal representative—Creditors to file claims—Form of notice.—As soon as letters testamentary or of administration, general or special, have been issued, the clerk shall cause to be published a notice hereof, in which notice there shall be included notice to creditors of the decedent to file their claims as required by law.

• • •

"All persons having claims against said estate, whether or not now due, must file the same in said court within six months from the date of the first publication of this notice or said claims will be forever barred."

In discussing §7-801, *supra*, we find the following statement made in 1 Henry's *Probate Law* and *Practice*, ch. 13, §9, at p. 419:

". . . not a statute of limitations, but a denial of right of action. . . . It imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. The court is without power to extend the time."

This language has been quoted with approval by this court in the cases of *Otolski* v. *Estate of Nowicki* (1958), 129 Ind. App. 492, 158 N. E. 2d 296, and *Russell, Administrator, etc.* v. *Moore* (1960), 130 Ind. App. 351, 164 N. E. 2d 670.

And at page 857 of 1 Henry's *Probate Law* and *Practice*, ch. 23, §6, the following:

"Care must be taken to distinguish between the legal effect of statutes of limitations and nonclaim statutes. The statutes of limitations of actions ordinarily only bar the remedy. The right remains and the statute may be waived, and ordinarily does not run against those under a disability. The effect of the nonclaim stat-

ute, however, is that, regardless of any other statute, all claims against a decedent perish at his death, except those claims that are presented against his estate within the time and in the manner prescribed by such nonclaim statute. Thus claims held by those under a disability perish, as do all others, and the right being destroyed, the claim cannot be revived by waiver on the part of the personal representative, or otherwise.

"The Probate Code, however, in barring claims not timely filed, makes no distinction between claimants under a disability and otherwise. Section 1401 of the Code is not a statute of limitations, but a condition precedent to the filing and allowance of a claim against the estate of a decedent that it be filed within six months or the claim ceases to exist."

Again referring to 1 Henry's *Probate Law* and *Practice,* ch. 13, §9, at page 420, we find the following reference to section (d) of Burns' §7-801, *supra:*

"If administration is not 'commenced' within one (1) year after the decedent's death, all claims matured, unmatured and contingent, except, it is submitted, claims of the United States, the state and of subdivisions of the state, are barred. Thus the creditor is placed on his mettle to promptly cause administration to be opened."

It seems apparent that this provision of the statute does not come within the definition of a statute of limitations but rather that of a survival of claims under the condition of filing such claim within the time prescribed. Appellant is attempting to assert a statutory right, and, as stated in *The Evansville, etc., Co. et al.* v. *Winsor, by Next Friend* (1897), 148 Ind. 682, at p. 690, 48 N. E. 592:

"It is settled law in this State, however, that our statute authorizing the contest of wills creates a right that would not exist in its absence, and that the right given must be exercised within the time fixed by such statute, and

that this right is not extended or limited by the general statute of limitations contained in the code of civil procedure. *Bartlett* v. *Manor, supra,* and authorities cited."

It should further be remembered that one of the basic tenets of public policy governing our Probate Code is the uniform and expeditious distribution of property of a decedent. Being a statutory right, the General Assembly can both giveth and taketh away if in so doing they do not conflict with the rule, as so aptly stated by Judge Landis of the Supreme Court of Indiana in the case of *Guthrie* v. *Wilson* (1959), 240 Ind. 188, 162 N. E. 2d 79, at page 82 thereof:

"The constitutional prohibitions against the taking of property without due process of law forbid the legislature from taking away a vested right, and similarly forbid any legislative attempt to take away immediately and completely all legal means for the enforcement of said right, as that would amount to a subversion of the right itself."

The provisions of §7-801 (d), *supra,* do not take away any vested right, but merely impose as a condition precedent the appointment of an administrator within one (1) year after death before such a claim as the one before us here may be enforced.

It should further be remembered that under §7-401 of the Probate Code, the appellant had the right to petition for the appointment of domiciliary letters on the failure of any other qualified person to so do within thirty (30) days.

We therefore feel constrained to hold that the commencement of the action here involved within the time

prescribed by §7-801 (d), *supra,* was an indispensable condition to the liability of the action which it permitted, and that such section does not in effect repeal in this particular instance §2-404, *supra.* We are further of the opinion that there is no conflict between §7-801 (d), *supra,* and §7-107, *supra,* which provides in substance that as soon as letters testamentary or of administration have been issued, the clerk shall have a notice published thereof, which notice shall include a notice to creditors of the decedent to file their claims as required by law.

Section 7-107, *supra,* is applicable after the issuance of letters, but would have no application where there is no administration within one (1) year as provided for in §7-801 (d), *supra.* This is in line with section (a) of §7-801, *supra,* which provides for all claims to be filed within six (6) months after the date of the first published notice to creditors.

Judgment affirmed.

Ax, Cooper and Myers, JJ., concur.

NOTE.—Reported in 176 N. E. 2d 134.