**Lorene WILLMAN, Plaintiff–Appellant,**

v.

**Robert B. RAILING, as Executor of the Estate of Amanda Moore, deceased, Anna Harmon, David Harmon and Howard Long, Defendants–Appellees.**

No. 39A01–8801–CV–21.

Court of Appeals of Indiana,
First District.

Oct. 12, 1988.
Rehearing Denied Dec. 8, 1988.

Ronald L. Baker, Indianapolis, Jon W. Webster, Webster & Webster, North Vernon, for plaintiff-appellant.

Roger L. Duvall, Scottsburg, for defendants-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Lorene Willman (Willman), appeals the decision of the Jefferson Circuit Court granting summary judgment on her suit to contest the validity of the will of Amanda Moore, deceased, (the decedent) in favor of the defendant-appellees, Robert B. Railing, as executor, and Anna Harmon, David Harmon, and Howard Long, individually (referred to collectively as the appellees).

We affirm.

## STATEMENT OF THE FACTS

The decedent died on October 16, 1986, without a husband, children, or lineal descendants surviving her. On October 21, 1986, an instrument purporting to be her last will and testament was admitted to probate. Thereafter, on March 9, 1987, Willman, the decedent's sister, filed a complaint to contest the validity of the will, naming the appellees, all residents of the State of Indiana, as defendants. Other individuals, being beneficiaries under the will or heirs at law of the decedent, were also named as defendants. The complaint, however, was directed primarily at David and Anna Harmon and alleged that the decedent was of unsound mind at the time the will was executed and that such execution was accomplished upon the exertion of undue influence on the decedent by the Harmons.

On April 2, 1987, the appellees, by counsel, filed an appearance together with an answer and motion to dismiss. The motion to dismiss was filed pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(1), (2), (4), and (5), and alleged the lack of personal jurisdiction by reason of insufficient process and insufficient service of process, the lack of subject matter jurisdiction by reason of Willman's failure to file a verified complaint or post an approved cost bond as required by statute, and Willman's failure to include as defendants all persons beneficially interested as required by statute. Similarly, the answer raised several affirmative defenses including the inadequacy of service of process, and Willman's failure to comply with the statutory requirements for initiating a will contest by reason of her failure to file a verified complaint and failure to name as parties all persons beneficially interested in the will. Pursuant to Ind.Rules of Procedure, Trial Rule 56, the motion was treated as one for summary judgment and briefs were submitted by both parties. Without specifying its reasons the trial court granted the appellees' motion to dismiss and entered summary judgment in their favor on September 14, 1987. This appeal subsequently ensued.

## ISSUES

Willman raises the following issues for our review:

I. Whether the trial court erred in dismissing the action and granting summary judgment due to the lack of personal jurisdiction.

II. Whether the trial court erred in dismissing the action and granting summary judgment due to Willman's failure to include all necessary parties.

III. Whether the trial court erred in dismissing the action and granting summary judgment due to Willman's failure to verify the complaint.

IV. Whether the trial court erred in dismissing the action and granting summary judgment due to Willman's failure to post an approved cost bond at the time of filing the complaint.

## DISCUSSION AND DECISION

The first issue before us is whether Willman's method of service was sufficient to grant the trial court personal jurisdiction over the appellees. We hold that it was not.

■ A proceeding to contest the validity of an alleged will is purely statutory and can only be brought and successfully maintained in the manner and within the limitations prescribed by statute. *Matter of Estate of Niemiec* (1982), Ind.App., 435 N.E. 2d 999; *Cook v. Loftus* (1981), Ind.App., 414 N.E.2d 581; *Modlin v. Riggle* (1980), Ind.App., 399 N.E.2d 767, *trans. denied; Brown v. Gardner* (1974), 159 Ind.App. 586, 308 N.E.2d 424, *trans. denied.* Failure to give the notice prescribed by statute leaves the trial court without jurisdiction over the proceeding. *Voyles v. Hinds* (1917), 186 Ind. 38, 114 N.E. 865.

■ IND.CODE 29-1-7-18 sets forth the manner in which summons shall be served upon defendants in a will contest action. That statute provides in pertinent part:

When an action is brought to contest the validity of any will as provided in this article, summons shall be served upon the defendants in the manner following:

(1) If the defendant is a resident of the state of Indiana summons shall be served on him by the sheriff as provided in IC 29-1-1-12(a).

It is undisputed that process was not obtained by service by the sheriff. Rather, Willman, by her attorney and not by the clerk, served the appellees, all residents of the State of Indiana, with a copy of the complaint and summons by certified mail. Because Willman failed to adhere to the statutory requirements regarding service, the trial court did not obtain personal jurisdiction over the appellees.

■ Willman nevertheless argues that the method by which she served the appellees was sufficient to grant the trial court personal jurisdiction. She maintains that the Indiana Rules of Trial Procedure which went into effect in 1970 govern the manner of service and supercede the statutory requirements set forth in IND.CODE 29-1-7-18. She maintains service upon the appellees was in accord with Ind.Rules of Procedure, Trial Rule 4.11.

We first note that T.R. 4.17 provides that Rules 4 through 4.16 shall not replace the manner of serving summons as specially provided by statute involving the administration of decedent's estate. Specifically, that rule provides:

Rules 4 through 4.16 shall not replace the manner of serving summons or giving notice as specially provided by statute or rule in proceedings involving, without limitation, the administration of decedent's estates, guardianships, receiverships, assignments for the benefit of creditors.

*See also* I.L.E. *Wills* § 139 (1960). Therefore, there is no merit to Willman's claim that the rules of procedure take precedence over the statute governing will contests with regard to the appropriate manner of service.

■ However, assuming arguendo that the trial rules take priority over the statute governing will contests, we note that Willman has not complied with the procedural requirements set forth in the trial rules regarding service by certified mail. Trial Rule 4.11 states:

Whenever service by registered or certified mail or other public means by which a return receipt may be requested is authorized, the clerk of the court or a governmental agent under Rule 4.10 shall send the summons and complaint to the person being served at the address supplied upon the summons, or furnished by the person seeking service. In his return the clerk of the court or the governmental agent shall show the date and place of mailing, a copy of the return receipt if and when received by him showing whether the mailing was accept-

ed or returned, and, if accepted, by whom. The return along with the receipt shall be promptly filed by the clerk with the pleadings and become a part of the record. If a mailing by the clerk of the court is returned without acceptance, the clerk shall reissue the summons and complaint for service as requested, by the person seeking service.

This manner of service was not accomplished in the case at bar. The clerk neither sent a copy of the complaint and summons to the appellees nor received a copy of the return receipt. Instead, after filing the complaint, Willman herself sent by certified mail a copy of the complaint and summons with all return receipts directed for mailing to her attorney. After the appellees filed their motion to dismiss, Willman, by counsel, filed an affidavit acknowledging this and asserting that all the summons had been issued and the receipts returned to her attorney. Clearly this manner of service does not comport with the requirements of T.R. providing for service by registered or certified mail. In fact, we are unaware of any rule, statute, or procedure which permits service in this manner. Trial Rule 4.12(A) permits personal service by an unauthorized person but such does not apply to certified mail service. That rule provides in pertinent part:

> Whenever service is made by delivering a copy to a person personally or by leaving a copy at his dwelling house or place of employment as provided by Rule 4.1, summons shall be issued to and served by the sheriff, his deputy, or some person specially or regularly appointed by the court for that purpose. Service shall be effective if made by a person not otherwise authorized by these rules, but proof of service by such a person must be made by him as a witness or by deposition without allowance of expenses therefor as costs. The person to whom the summons is delivered for service must act promptly and exercise reasonable care to cause service to be made.

The appellees were not served with any manner of process pursuant to T.R. 4 and consequently, the trial court did not obtain jurisdiction over them.

■ Finally, we observe that the appellees have not waived the defense of lack of personal jurisdiction and insufficiency of service of process. It has been held that a party not otherwise subject to the trial court's personal jurisdiction may, nevertheless, submit himself to the court's jurisdiction if the party fails to timely object to the trial court's jurisdiction or seeks affirmative relief. *Killearn Properties, Inc.* (1978), 176 Ind.App. 684, 377 N.E.2d 417. In order to preserve the question of personal jurisdiction, the issue must be timely raised either by a motion filed pursuant to T.R. 12(B)(2) or in the answer. *State v. Omega Printing, Inc.* (1984), Ind.App., 463 N.E.2d 287; *In re Marriage of Rinderknecht* (1977), 174 Ind.App. 382, 367 N.E.2d 1128.

In the case at bar, the appellees asserted the lack of personal jurisdiction and insufficiency of service of process in both their answer and motion to dismiss under T.R. 12(B) filed simultaneously. This was sufficient to properly preserve the issue. Because the appellees timely raised the jurisdictional question in both their T.R. 12(B) motion and responsive pleading, they did not submit to the personal jurisdiction of the trial court.

Due to the insufficiency of service of summons, the trial court did not acquire personal jurisdiction over the appellees, and such constituted proper grounds upon which to grant the motion to dismiss and enter summary judgment. Insofar as we have determined the trial court did not obtain personal jurisdiction, we need not address the merits of the remaining issues presented by Willman.

For the above reasons, the judgment is affirmed.

JUDGMENT AFFIRMED.

ROBERTSON and HOFFMAN, JJ., concur.