**Lorene WILLMAN, Appellant (Plaintiff Below),**

v.

**Robert B. RAILING, as Executor of the Estate of Amanda Moore, deceased, Anna Harmon, David Harmon and Mary Long, et al., Appellees (Defendants Below).**

**No. 72A04–9004–CV–197.**

Court of Appeals of Indiana, Fourth District.

May 23, 1991.

Ronald L. Baker, Charles F. Cremer, Jr., John A. Cremer, Indianapolis, for appellant.

Roger L. Duvall, Scottsburg, for appellees.

CONOVER, Judge.

Plaintiff–Appellant Lorene Willman (Willman) appeals the dismissal of her second complaint to contest decedent Amanda Moore's will, filed more than two years after Moore's will was admitted to probate.

We reverse.

Moore died on October 6, 1986, and her will was admitted to probate 15 days later. Willman filed a complaint to contest Moore's will in the estate proceedings on March 9, 1987, but the sheriff did not serve the appropriate parties as required by statute. After a change of venue from the Scott Circuit Court was taken, the Jefferson Circuit Court granted a subsequent motion to dismiss. Willman appealed. This court affirmed the dismissal in *Willman v. Railing*, (1988) Ind.App., 529 N.E.2d 122, *reh. den'd., trans. den'd.*

Afterward, Willman tendered a will contest cost bond, filed a proposed amendment to the original complaint, and asked the trial court to rule on a previous motion to amend which had not been ruled upon prior to the appeal. Without ruling thereon, because it believed it lacked jurisdiction to do so, the trial court dismissed the original complaint and entered summary judgment for Railing, the executor, and the other parties-defendants.

On October 12, 1989, Willman filed a new complaint to contest Moore's will. The trial court later granted the defendants' motion to dismiss on February 5, 1989.

Willman appeals.

She first contends the trial court erred by dismissing the current action because
(a) the original action was timely filed;
(b) it was dismissed because of technical errors, and
(c) the second action was filed within 5 years of the first action's dismissal.

She contends these three factors result in a timely filing under IND.CODE 34–1–2–

8, the Journey's Account Statute. To the contrary, Railing, *et al.*, contend the second complaint's filing occurred nine days prior to three years after Moore's will was admitted to probate and is clearly outside the five month time limitation imposed by IC 29-1-7-17 for the filing of complaints to contest a will, and IC 34-1-2-8, the Journey's Account Statute "simply does not apply to Will Contest actions." Because an action to contest a will is a special statutory proceeding, Railing posits, it does not come within the purview of the Journey's Account Statute, citing *Rupert v. Martz*, (1888), 116 Ind. 72, 18 N.E. 381, 384; *Cornell v. Goodrich* (1863), 21 Ind. 179, 182; and I.L.E. *Limitation of Actions* § 85.

The will contest statute, IC 29-1-7-17 reads, in pertinent part

> Any interested person may contest the validity of any Will or resist the probate thereof at any time within five (5) months after the same has been offered for probate by filing in the Court with jurisdiction of the probate of the decedent's Will his allegations in writing ...

The Journey's Account Statute, IC 34-1-2-8 says

> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.

Our supreme court recently considered the question of whether the Journey's Account Statute now applies to special statutory proceedings and answered that question in the affirmative.

In *Vesolowski v. Repay, M.D.* (1988), Ind., 520 N.E.2d 433, *reh. den'd*, an Illinois medical malpractice action was timely filed in 1980 by a minor suffering brain damage, against Repay, a physician, who claimed he saw the minor's mother during her pregnancy only in his office in Munster, Indiana, and at a hospital in Hammond. The Illinois court quashed the summons against Repay, deciding it had no personal jurisdiction over him. At that time, the Indiana statute of limitations on medical malpractice actions had not yet run. In 1985, some five years later, after an Illinois legal malpractice action against the minor's attorneys had run its course, the minor's suit against Repay was filed in the Lake Superior Court. The plaintiff claimed the Journey's Account Statute saved her medical claim against the doctor. The Medical Malpractice Act contained a special limitation of actions section which provided such actions must be "filed within two (2) years from the date of the alleged act, omission or neglect except that a minor under the full age of six (6) years shall have until his eighth birthday in which to file." The Lake Superior Court dismissed because "[T]he Journey's Account Statute does not have any applicability to actions for medical malpractice...." The Court of Appeals affirmed with one judge dissenting as to the minor's claim.

Our supreme court reversed and remanded the minor's claim with instructions to the trial court to reinstate it. Speaking for a unanimous court, Chief Justice Shepard explained

> The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits. Its broad and liberal purpose is not to be frittered away by narrow construction. (Citation omitted)....
>
> If some conflict existed between the Journey's Account Statute and the medical malpractice statutes, we would have to reconcile the two. *But there is no conflict.* The medical malpractice statute of limitations applies to the filing of claims. The [statute] presupposes the timely filing of a claim and applies in certain instances when the original claim fails....
>
> The [statute] does not specifically exclude medical malpractice actions and will provide relief from the running of the statute of limitations when the plaintiff meets the requirements of the statute.

*Vesolowski,* 520 N.E.2d at 434–435. See also *City of Evansville v. Moore* (1990), Ind., 563 N.E.2d 113. Likewise here. The Journey's Account Statute does not specifically exclude actions to contest a will, and Willman's initial complaint was timely filed. Further, defective service of process does not defeat Willman's right to proceed. There was defective service, also, in *Vesolowski,* and in *Morris v. Harris* (1973), 155 Ind.App. 467, 295 N.E.2d 159, wherein we held a new action was a continuation of a timely filed first suit since the proposed defendant in the automobile negligence case had died, thereby revoking the Secretary of State's agency for service of summons.

Reversed with instructions to reinstate Willman's action.

RATLIFF, C.J., concurs.

MILLER, J., dissents with separate opinion.

MILLER, Judge, dissenting.

I cannot agree with the majority's opinion that the Journey's Account Statute applies to probate matters and, therefore, dissent.

Indiana courts have consistently held that a proceeding to contest the validity of a will is purely statutory and can only be brought and successfully maintained in the manner and within the limitations prescribed by the probate statutes. *Willman v. Railing* (1988), Ind.App., 529 N.E.2d 122, *reh'g den., trans. den.*[1] The time limitation for contesting a will is jurisdictional. *Modlin v. Riggle* (1980), Ind.App., 399 N.E.2d 767; *Brown v. Gardner* (1974), 159 Ind.App. 586, 308 N.E.2d 424. The provisions create a condition precedent to the right to contest the will; it is not merely a statute of limitations, but a statute of repose, which bars the *right* not just the remedy. *In re Plummer's Estate* (1966), 141 Ind.App. 142, 219 N.E.2d 917. The Journey's Account Statute does not apply to original complaints that *do not invoke the jurisdiction* of the court. 19 ILE *Limitations of Action* § 83 (1959), citing *State ex rel. Hardin v. Superior Court of Marion County* (1956), 235 Ind. 604, 135 N.E.2d 517 (zoning case case in which complaint was defective could not be amended after the expiration of the jurisdictional time limit); *Gossard v. Vawter* (1939), 215 Ind. 581, 21 N.E.2d 416 (election contest which omitted jurat from affidavit was defective and could not be refiled).

The exceptions to the bringing of claims beyond the period of time established by the probate statutes are strictly limited. *See Matter of Estate of Niemiec* (1982), Ind.App., 435 N.E.2d 999. The reason for imposing this limitation is to provide for the uniform, expeditious distribution of the property of a decedent, to shorten the time and minimize the costs of administration, and to free courts from the burden of protracted estate administration proceedings. *Kuzma v. Peoples Trust & Savings Bank* (1961), 132 Ind.App. 176, 176 N.E.2d 134. The trend, both in our state and other jurisdictions, has been to reduce the time limit for filing of will contests. *Pedersen v. Dempsey* (1950), 341 Ill.App. 141, 93 N.E.2d 85. "The reason for these reductions in time within which the validity of a will may be questioned is the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate." *Matter of Estate of Moerschel* (1980), 86 Ill.App.3d 482, 41 Ill.Dec. 633, 407 N.E.2d 1131, 1133, quoting *Pedersen,* 93 N.E.2d at 86.

For these reasons, I would affirm the trial court.

---

1. *But see Milligan v. Denham* (1990), Ind., 563 N.E.2d 595, adopting, Ind.App., 553 N.E.2d 1265 (where complaint was timely filed under IC 29-1-7-17, but clerk did not issue summons as requested within the statutory five month period, trial court erred by dismissing contestors' first amended complaint). *Milligan* was distinguished from *Willman* in the opinion authored by Judge Chezem in that, unlike Willman, the *Milligan* contestors' Amended Complaint was filed within the statutory five month period and the original Complaint was not defective).